KING v. GLASS ET AL.

ROSS v. THE SAME.

BROWNELL v. THE SAME.

1. **Appeal:** PRACTICE: CONSOLIDATION OF ACTIONS. Where the questions of fact and law in several cases are the same, and for that reason they are tried together in the court below, though not consolidated, they may be tried together on appeal upon one record, and that, too, although there is but one bill of exceptions taken in the trial court.

2. **Assignment for Benefit of Creditors:** FOREIGN ASSIGNMENT: CONFLICT OF LAWS. If a deed of assignment for the benefit of creditors, made in another state, between parties residing there, and in conformity with the laws thereof, be invalid under the statutes of this state, or its conditions be in conflict therewith, it will not affect the title to lands conveyed thereby situated within this state.

3. ———: ———: ———. A deed of assignment for the benefit of creditors may be made in a sister state by a non-resident of'this state, and if its execution, acknowledgment and conditions are in harmony with our statutes, it will be effectual to convey lands in this state.

4. ———: ———: ———: DISPOSITION OF SURPLUS. An assignment for the benefit of creditors, made between residents and under the laws of a sister state, is not in conflict with the laws of this state on the ground that it provides that any proceeds remaining in the hands of the assignee, after paying all costs and expenses, and all debts that may have been proved against the assignor *as provided by the statutes of that state*, shall be returned to the assignor,— where it appears that the laws of that state and this as to the proof and payment of claims are in substantial accord.

5. ———: ———: ———: PREFERENCE OF LABORERS' WAGES. Nor can such assignment be set aside in this state, on the complaint of a general creditor, on the ground that the statutes of the state where made give preference, in the distribution of assets, to the wages of laborers and servants earned within three months preceding the assignment; since the statutes of this state also recognize such preference, though, possibly, somewhat more broadly.

6. ———: ———: ———: JURISDICTION OF FOREIGN COURT: LAND IN IOWA. Where a resident of another state, subject to the jurisdiction of its courts, is charged with trusts ( as the assignee for the benefit of creditors ) in a deed conveying lands in this state, and these trusts are in harmony with the statutes of this state, the courts of that state, having jurisdiction of the trustee, may, by its order and decree, enforce the trusts, and the courts of this state will recognize the validity of such judicial action, and will not interfere to hinder or defeat it, by assuming jurisdiction of the land which is the subject of the trust, and diverting it to other purposes.

7. ———: ———: ———: CLAIMS NOT PROVED. A foreign assignment for the benefit of creditors is not invalid in this state on the ground that, under the laws of the state where made, creditors who fail to prove their claims receive nothing; since the same is true under the statutes of this state.

8. ———: ———: ———: DISCONTINUANCE OF PROCEEDINGS. Creditors in Iowa cannot have an assignment for the benefit of creditors, made in another state, set aside as to lands in this state, on the ground that, under the laws of the other state, the proceedings under the assignment may be discontinued upon the assent of the asssignor and a majority of the creditors, ( no such provision being found in the statutes of this state.) when no action has been taken under such statutory provision to discontinue the proceedings. [ADAMS, CH. J., and SEEVERS, J., *dissenting*.]

9. ———: NATURE OF: EXTRA-TERRITORIAL EFFECT. The right and power of any person to execute a deed of trust, such as an assignment for the

benefit of his creditors, existed independent of statutes. The statutes of Illinois and Iowa do not take away, but only regulate and restrict, this right and power. Hence, an assignment in Illinois is not limited, as to the property conveyed, by the boundaries of that state, but may convey to the assignee lands in Iowa. In this respect assignees differ from executors and others, who are appointed by the court in proceedings *in invitum*.

10. ———: FOREIGN ASSIGNMENT: MISDESCRIPTION OF IOWA LAND: CORRECTION IN EQUITY. A foreign deed of assignment for the benefit of creditors misdescribed a tract of land in this state, which, from a reading of the whole deed, was evidently intended to be included. *Held* that a court of equity in this state should correct the deed in this respect, in an action by attaching creditors to set it aside.

11. ———: ———: ———: ATTACHING CREDITORS: PRIORITY. A foreign assignment for the benefit of creditors which conveys all the property of the assignor, but misdescribes a tract of land in this state, will carry the title of the land to the assignee against subsequent attaching creditors, even though they have no notice of the assignment; for they do not stand in the position of subsequent purchasers.

*Appeals from Lee Circuit Court.*

WEDNESDAY, OCTOBER 26.

PLAINTIFFS brought actions by attachments, under which certain lands in Lee county were levied upon. McDonald intervened, setting up that he was the assignee of defendant, under a deed of assignment for the benefit of creditors, executed in pursuance of the laws of Illinois, conveying all of defendant's property, including the lands seized in these actions. Under an agreement of the parties, and an order of the court, the causes were tried as equitable actions. The questions of law and fact involved being identical in all the cases, they were tried together as one case. There was a decree for plaintiff in each case, dismissing the intervenor's petition. The intervenor appeals. The causes are submitted together, upon the same abstract and arguments, as one case.

*Craig, McCrary & Craig,* for appellant.

*Anderson, Davis & Hagerman,* for appellees.

BECK, J.—I. The deed of assignment under which the intervenor claims to hold the land is in conformity with the stat-

utes of Illinois, the state of the residence of the defendants, the assignor, the assignee, and two of the plaintiffs. A court of that state, pursuant to the statutes thereof, has, and has exercised, jurisdiction in the matters of the assignment. The plaintiffs maintain that for various reasons the assignment, as to the lands in this state conveyed to the intervenor, is inoperative and void, and the attachments, therefore, hold the property as against the intervenor. Upon this contention the controlling questions in the case arise.

II. A preliminary question, raised by plaintiffs, first demands consideration and disposition. It is insisted that, for the reason that the cases were not consolidated as one case, they cannot be presented here upon one record or one appeal; that, as there was only one bill of exceptions taken in the cases, they cannot be reviewed upon this appeal. It plainly appears that the questions of fact and law involved in the separate cases are the same, and that for this reason they were tried together in the court below. This was doubtless done for the reason that both time and expense would be saved in that manner of trial. We can conceive of no prejudice which may possibly result to plaintiffs by trying the causes together in this court upon one record. We have no doubt that the rights of all parties will be as carefully and successfully guarded in submitting the causes in that manner as would result from separate trials upon separate records; and, in view of the great expense and possible delay which, by reason of separate records and trials, would be incurred by the parties, and the increased labor and loss of time which would be imposed thereby upon counsel and the court, we are clear in the opinion that the causes ought to be submitted upon the single record and appeal now before us. In these days of great increase in the expenses and time consumed in the trial of causes, which is felt to be a burden upon the people as well as the parties to the actions, the court should favor and enforce all lawful expedients for expediting litigation, and diminishing expenses connected therewith.

1. APPEAL: practice: consolidation of actions.

III. It is not disputed that the assignment as to the lands within this state is controlled by our law,—the *lex loci rei* *sitæ*. This is true touching matters involving the sufficiency of the deed of assignment, and the enforcement of its conditions. If, therefore, the deed be invalid under our statutes, or its conditions be in conflict therewith, it does not affect the title of lands conveyed thereby situated in this state. We are therefore required to determine whether the deed of assignment and its conditions are in conflict with the statutes of this state. The statement and consideration of familiar principles of law will lead to correct conclusions upon questions arising upon this inquiry.

*2. ASSIGNMENT for benefit of creditors : foreign assignment: conflict of laws.*

In the absence of statutes respecting his rights and powers, the owner of real estate may make any disposition of it by deed which does not conflict with the public good, as recognized and protected by what is called the public policy of the state, and is not in fraud of the rights of others. He may convey all of his property in payment of, or security for, his debts, or of any part of his debts; thus making preferences as to creditors. He may make a conveyance to a trustee for these purposes. But the statutes of this state restrict this right and this power, and declare that a general assignment of property for the benefit of creditors shall be without preferences, except so far as they are permitted by these statutes. In order to enforce such restriction upon the right and powers of the property owner, and protect his creditors, the statute provides that assignments for the benefit of creditors shall be under the control of the courts of the state, which have jurisdiction, by proper proceedings, to enforce the provisions of the law. These assignments are made by deeds which convey a trust estate, and clothe the grantee with the powers of a trustee, subject to the restriction of the statute. Of course, if these trust deeds are in conflict with the statutes pertaining thereto, they are void.

It cannot be doubted that a deed of assignment for the bene-
fit of creditors may be made in a sister state by a non-resi-
dent of this state, and that, if its execution and
acknowledgment accord with our statutes, it is
valid.    If the conditions of such deed are in harmony with
our statutes, it is valid.    It is not claimed that the execution,
form and acknowledgment of the deed of assignment involved
in this case fail to comply with our statutes.    We are of the
opinion that in its terms and conditions it is in substantial,
not to say perfect, harmony with their provisions.

3. ——:——:
——.

IV. It is insisted by plaintiff's counsel that the deed of
assignment in question is void, being in conflict with our stat-
utes, for these reasons: It contains the following
conditions:    "If, after the payment of all costs,
charges and expenses attending the execution of
the trust hereby created, and the payment and discharge in full
of all lawful debts due and owing by the said party of the first
part, of every kind and description, that may have been proved
against him, as provided in said act, any part or portion of
the proceeds of said sales and collections shall remain in the
hands or control of the said party of the second part, or his suc-
cessors in trust, he shall return same to said party of the first
part."    The deed of assignment conveys all of the assignor's
property not exempt from execution, and is for the payment
of all his debts.    But counsel for plaintiffs insist that the
clause above quoted limits payment of debts to those which
"may have been proved against him, as provided in said act,"
meaning the statute of Illinois regulating assignments for
the benefit of creditors.    This statute forbids assignments
with preference, and requires all the assets in the hands of
the assignee to be devoted to the payment of the debts, under
the approval and direction of the proper court.    The creditors
are required to file their claims, and issues are thereon formed,
which are determined by trials in the court.    After the expira-
tion of three months, distribution of the funds of the estate is
made to the creditors proving their claims, and we think that

4. ——:——:
——: disposi-
tion of sur-
plus.

holders of claims proved at the time of distribution receive all the funds on hand. But distributions are made from time to time in the like manner, and all claims proved share in such distribution. These provisions, and others, pertaining to the acts and proceedings of the assignee in the distribution of the estate, and to the proof of claims, are substantially the same as those of our statute pertaining to the same subject.

The Illinois statute prefers the wages of laborers and servants earned within three months next preceding the assignment, while our statute exempts earnings "for personal services" within the same time. In this respect the Illinois statute is probably not so broad as our statute, and secures to the general creditors more nearly all the assets of the assignor than does ours. But a general creditor in Iowa cannot complain of this provision of the Illinois statute, for it is more to his advantage than the Iowa statute. A creditor for personal services might complain, but it does not appear that plaintiffs' claims, or any one of them, are of that character. But surely it cannot be pretended that the preference of claims of laborers and servants is in conflict with our statute, which recognizes such preference, and possibly goes somewhat further. Our statute authorizes all preferences permitted in Illinois.

*5. ——:——: ——: prefer- ence of labor- ers' wages.*

Counsel insist that, under the statute of Illinois, all the creditors may not receive payment, for some of them may not prove their claims. That is true; but this precise thing may result under the statutes of this state.

It will be clearly seen that the trusts provided and created in the deed of assignment are completely in accord with our statute. If enforced, the requirements of its express provisions and its spirit will be performed. We must presume it will be enforced by the court of Illinois. The case is this: A resident of Illinois, subject to the jurisdiction of its courts, is charged with trusts in a deed conveying land in this state. These trusts are in harmony with our statutes. Surely the court

*6. ——:——: ——: juris- diction of for- eign court: land in Iowa.*

of Illinois, having jurisdiction of the trustee, may, by its order and decree, enforce the trusts, and the courts of this state will recognize the validity of such judicial action, and will not interfere to hinder or defeat it, by assuming jurisdiction of the land which is the subject of the trust, and diverting it to other purposes than those prescribed by the trust. (See Perry on Trusts, §§ 70, 71, and authorities cited.) Should doctrines be recognized which support the contrary view, immense property interests may thereby be sacrificed. It would be strange, indeed, if the courts of this state should hold as void deeds of trust and their enforcement in other states, all being strictly in harmony with our laws, for the reason that judgments and decrees for their enforcement must be, or were, made by the courts of a sister state. Sound reason, public policy, and the requirements of the law of comity between the states, forbid it.

V. Counsel for plaintiffs insist, and cite many authorities to sustain their position, that, unless all the assets of the grantor under the assignment go to his creditors, and if any part goes to the assignor before the creditors are paid, the assignment is void. Doubtless, counsel's position is correct. But the difficulty is that it is not applicable to the facts of this case. Neither the deed of assignment nor statute of Illinois so provides. The facts that creditors receive nothing who fail to prove their claims, and that upon the final closing of the assignment any surplus remaining goes to the assignor, provisions common to the statutes of Illinois and this state, are not in conflict with our position. The law presumes that the assignor is indebted only to creditors who prove their claims. If any one having a valid claim fails to prove it, he is barred of a remedy under the assignment proceedings.

Other discrepancies between the Illinois and Iowa statutes than those above referred to are pointed out by plaintiffs' counsel. They pertain to the proceedings for the enforcement of the trust, and do not affect the rights of the parties concerned.

The Illinois statute provides that, upon the assent of the assignor and a majority of the creditors, the proceeding under the assignment may be discontinued. No such provision is found in the Iowa statutes. No action has been had under this provision, and, until had, the assignment is valid, and the trust will be enforced substantially in accord, as we have seen, with the laws of this state. Surely the courts of Iowa will not hold the trust void for the reason that it may be discontinued by the courts of Illinois. The deed of assignment is valid, and conveys a valid title under our laws. Our courts will not hold the conveyances void for the reason that it may be set aside by proceedings in Illinois, as to persons and property within the jurisdiction of that state. All that need be said upon this point is that the trust still exists, and must be enforced, and such enforcement will not be in conflict with the statutes of Iowa. It may be that, should the Illinois courts attempt to discontinue the trust, the courts of this state could interfere as to property here; and it may also be true that, in case the trust is attempted to be enforced in conflict with the statutes of Iowa in any respect, our courts would interpose. But upon these points we express no opinion, further than to say that such a view would be more in accord with inter state comity than the one urged by counsel, namely, that the deed of trust ought to be held void.

VI. Counsel for plaintiffs insist that the deed of assignment can have no force and effect out of the state of Illinois, upon the ground that, as it is a proceeding authorized by the laws of Illinois, it can have no extra-territorial effect. As we have pointed out, the right and power of the grantor to execute the deed of trust existed independent of statutes. The statutes of Illinois, as well as of Iowa, do not take away this right and power; they simply regulate its exercise, and impose restrictions thereon. The assignment was wholly voluntary, but subject to the

restrictions of the Illinois statute. The assignee was chosen by the grantor. The statute made him subject to its regulations. He stands in a different position than do executors, administrators and assignees in bankruptcy or insolvent proceedings. These are appointed by the law, in proceedings *in invitum*, and are officers of the court appointing them. The assignment is voluntary, done in the exercise of inherent powers and rights of the assignor. The assignee acquires a trust estate in the property conveyed, not by virtue of an appointment as an officer of the court, but through the conveyance to him by the grantor. Other distinctions between the functions, rights, and powers of a trustee under a deed of assignment and the officers above named, readily suggest themselves. They may acquire title to lands in another state. The trust confided to them may be enforced by the proper court having jurisdiction of their persons. It will be observed that land is conveyed by the assignee, not by virtue of an order of a court, but by virtue of the inherent power of the holder of the title. The disposition of the fund arising therefrom is approved by the court, but the sale is not authorized by it. We observe that many cases cited by plaintiffs' counsel, which involve proceedings by executors, administrators, assignees in bankruptcy, and assignees of insolvents, do not present rules applicable to this case.

VII. The deed of assignment conveys all of the property of the assignor, and recites that it is "fully and particularly enumerated and described in an inventory" attached to the deed. One tract of land of 25 acres was misdescribed in the inventory. The grantor owned no other land than this tract, and the others which were correctly described, in Lee county. There can be no doubt that the misdescription was a mistake, and the recitation in the deed of assignment, and other facts, clearly show the purpose to convey this land. Equity will correct it, unless others would be defeated of

rights thereby. A subsequent purchaser without notice would be, but plaintiffs are attaching creditors and cannot hold the land. Their lien did not attach to it, for the reason that the equitable title was vested in the assignee, who was the purchaser. An attaching creditor, even without notice, cannot hold land against a purchaser whose paper title is defective, and is not sufficient to give notice of his claim. We are of the opinion that the mistake in the description of the twenty-five-acre tract of land ought to be corrected as prayed for in the intervenor's petition.

In our opinion, the court below erred in dismissing the petition of the intervenor. A decree should have been entered granting him the relief he prays for. The cause will be remanded for a decree in harmony with this opinion.　　REVERSED.

ADAMS, CH. J., (dissenting.) The validity of a conveyance of real estate depends upon whether it conforms to the laws of the state in which the real estate is situated. The real estate in question being in Iowa, the assignor's conveyance cannot, in my opinion, be regarded as valid, unless it is in substantial compliance with the laws of Iowa. Now, no one, I think, can properly claim that it was. The mere form of the deed may have been sufficient under our laws, but that is not material. The question is as to the effect of the deed, and that is to be determined by looking at the law under which the assignment was made. It was not only made in Illinois, but the deed expressly provides that it is made under the statute of Illinois. It has precisely the effect which the statute of Illinois gives it. It is the same as if the provisions of the statute had been literally incorporated into the deed. Now, such a deed as a deed of assignment, in Iowa, for the benefit of creditors, would have no validity. It would be void, by reason of the provisions that the assignment proceedings shall be discontinued under certain circumstances. The conveyance is conditional in its character, for which nothing in the laws of Iowa affords any warrant.

Mr. Justice SEEVERS concurs with me in this dissent.