ERNST A. GERDTZEN vs. FRANK M. COCKRELL.

Argued June 22, 1892.   Decided July 22, 1892.

**Stipulation for Judgment—Court no Power to Reform on Motion.**

> The parties to a pending action having, for the purpose of compromising the same, entered into an agreement under seal, embracing mutual releases, and a stipulation (which was carried into effect) for the entry of a judgment for a merely nominal sum, they being then ignorant of a material fact, the court had not the power, after the discovery of such fact, to reform the agreement on motion, relieving one of the parties (in part) from the release which he had made, but leaving the other party bound by the corresponding release on his part.

Appeal by Ernst A. Gerdtzen, as administrator of the estate of Lena Weinberg, deceased, from an order of the District Court of Winona County, *Start*, J., made October 24, 1891, reforming a stipulation for judgment.

This action was commenced in June, 1890, by plaintiff, to recover $25,000, alleged to be due the estate from defendant upon an account stated for wages earned by the deceased as housekeeper in the Huff House, Winona.   Defendant, by answer, denied any account stated or any indebtedness, and further alleged both as a defense and a counterclaim, that Lena Weinberg had, while in his employment, misappropriated $12,000 of defendant's money intrusted to her for the purchase of supplies and the payment of servants in the hotel. The action continued pending until January, 1891, when it was settled by the written agreement and stipulation of the parties, plaintiff releasing all claim for wages, and defendant releasing all claims on account of any matter referred to or set up in said suit, and stipulating for a judgment for plaintiff for one dollar, which was entered.

At the time of this stipulation, there had been discovered secreted in trunks of Lena Weinberg, by means of false bottoms, the sum of a little over $12,000.   This was the money defendant claimed in his answer deceased had misappropriated, and was all that had been discovered to have been secreted and misappropriated by deceased at the time of the settlement.   Six months after the settlement, in July,

1891, there was discovered by the plaintiff in an old pianostool among the decedent's effects, hidden away in a metal box built into the middle of the seat, fourteen packages of paper currency, aggregating in amount the sum of $12,900. The defendant claimed that this money belonged to him, and was misappropriated by Lena Weinberg from the funds intrusted to her as housekeeper. The defendant moved, on affidavits setting forth the facts as above, to modify the stipulation on the ground that only the first $12,000 was in the minds of the parties at the time of the settlement or intended to be released by it, and that the general language of the stipulation was employed through the mutual mistake of the parties, both supposing that the $12,000 was the total amount misappropriated. Defendant asked that the stipulation be reformed and modified so as to set out the true contract and understanding of the parties. He also asked that the judgment entered on the stipulation be vacated and set aside or made to conform to the contract as reformed. The court granted the motion, and on October 24, 1891, made an order reforming the stipulation and modifying the judgment in accordance with the stipulation as reformed.

*Gould & Snow* and *Brown & Schrader,* for appellant.

1878 G. S. ch. 66, § 125, under which the motion in this case was made, gives the court no power to amend and vacate its judgment, otherwise than so far as may relate to mere matters of practice. It is not a code of substantive law. The reformation of a written instrument is a substantive right which must be sought by action in the usual way of enforcing other primary rights. *Bryant* v. *Johnson*, 24 Me. 304; *Barrett* v. *Vaughan,* 6 Vt. 243 ; *Barker* v. *Walsh,* 14 Allen, 172; *Lovejoy* v. *Webber,* 10 Mass. 101.

Even if the court has the power in a proper case to reform a contract on motion, yet the facts in this case do not entitle defendant to such relief. The release on the part of the defendant constituted the consideration for the plaintiff's release, and if the former be changed, the plaintiff cannot be said to have assented to the contract, and the only relief defendant would be entitled to, is a cancellation of the contract entirely, a relief which he neither seeks nor is

granted. *St. Anthony Falls Water-Power Co.* v. *Merriman,* 35 Minn. 32; *Benson* v. *Markoe,* 37 Minn. 30; *Hecht* v. *Batcheller,* 147 Mass. 335; *Sawyer* v. *Hovey,* 3 Allen, 331; *German Amer. Ins. Co.* v. *Davis,* 131 Mass. 316; *Page* v. *Higgins,* 150 Mass. 27.

*Wm. H. Yale* and *Wilson & Bowers,* for respondent.

The mistake in this case was mutual, and was clearly established. The right of reformation for mutual mistake is clear. *Blair* v. *Chicago & A. R. R. Co.,* 89 Mo. 383; *Ramsden* v. *Hilton,* 2 Ves. Sr. 304; *Kirchner* v. *New Home S. M. Co.,* 13 N. Y. Supp. 473; *Bush* v. *Hicks,* 60 N. Y. 298; *Wilcox* v. *Lucas,* 121 Mass. 21; *Olson* v. *Erickson,* 42 Minn. 440.

The district court had power to grant the reformation on motion in the action. 1878 G. S. ch. 66, § 125. This is a remedial statute, couched in broad language. The present case is within it even literally. An agreement made in the course of an action concerning its subject-matter and in the course of settlement of the case, may be relieved against on motion, upon grounds, such as fraud or mistake, that are recognized reasons for relief in respect to contracts generally. *Bingham* v. *Supervisors of County of Winona,* 6 Minn. 136, (Gil. 82;) *Bray* v. *Doheny,* 39 Minn. 355; *Rogers* v. *Greenwood,* 14 Minn. 333, (Gil. 256;) *The Hiram,* 1 Wheat. 440; *Ward* v. *Clay,* 82 Cal. 508; *Ferris* v. *Crawford,* 2 Den. 595.

In many states, stipulations are not regarded as absolute contracts, and will be set aside in the exercise of a sound discretion, whenever their enforcement would result in serious injury to one of the parties, and the other would not be prejudiced. *Hancock* v. *Winans,* 20 Tex. 320; *Richardson* v. *Musser,* 54 Cal. 196; *Barry* v. *Mutual Life Ins. Co.,* 53 N. Y. 536.

DICKINSON, J. In January, 1891, an action between these parties was pending and at issue in the district court in Winona county. This plaintiff, as administrator, had sued for the recovery of $25,-000 upon an alleged account stated between the intestate, Lena Weinberg, and the defendant. The defendant, denying that there had been an account stated, alleged, both as a defense and as a

counterclaim, that during a period of many years, while the intestate was employed in the service of the defendant, upon which service the alleged cause of action was founded, she had fraudulently retained and misappropriated to her own use large sums of money, exceeding $12,000, which she had received from the defendant for expenditure in his business. In January, 1891, for the declared purpose of terminating such litigation, the parties entered into a written agreement under seal, by the terms of which the plaintiff released the defendant from all claims or cause of action on account of the matters alleged or growing out of any liability of the defendant to the estate of Lena Weinberg, and the defendant released the plaintiff and the estate from all claims or rights of action "for or on account of any matters set up or referred to in said suit." It was also agreed that judgment should be rendered for the plaintiff in that action for one dollar, without costs. A separate stipulation for the entry of such a judgment was then signed by the attorneys for the respective parties, and thereupon judgment was entered.

Some seven or eight months after the entry of such judgment application was made to the court by motion to reform the stipulation and release upon which judgment had been entered, so that the terms of the release by the defendant should be limited to the defendant's claim or right of action on account of the sum of $12,000, referred to in the answer, "which was heretofore found concealed in the trunks of the said plaintiff's intestate;" and that the judgment be amended to conform to the stipulation so reformed. This application was allowed, and the plaintiff prosecutes this appeal from the order allowing the motion. The motion was supported by affidavits, setting forth a remarkable state of facts, which will be briefly stated. For many years prior to her decease the intestate had been employed by the defendant as housekeeper in an hotel kept by him, and was intrusted with the hiring and paying of servants and the purchase of supplies for the house. The defendant implicitly relied upon her honesty, and intrusted her with such sums of money as she claimed to need for such purposes. At the time of the execution of the agreement and release and the settlement of the litigation, as above stated, there had been found, concealed within a false bottom in a trunk of

the deceased, the sum of a little more than $12,000 in money, which, as the undisputed circumstances shown on the hearing of this motion (but which we need not particularly set forth) tended to prove had been fraudulently and secretly retained by her from the funds intrusted to her as already stated. There seems to have been then no reason to suppose that this was not the full extent of her wrongdoing. But since the settlement, release, and judgment there has been discovered the further sum of $12,900 in money which she had concealed in a wooden stool, and which, as the defendant affirms, can be proved also to have been secretly and fraudulently abstracted or retained by her from such trust funds belonging to the defendant. Neither of the parties to the settlement and release knew anything of the facts last referred to, or of the existence of this money, until after the entry of the judgment. After the discovery of these facts, this defendant commenced an action to recover the $12,900 as money belonging to him.

We need not consider or decide whether the release and judgment would bar or prejudice the claim of this defendant to recover the money subsequently discovered. The order appealed from was sought and obtained on the theory that such was the effect of the release and judgment if not modified or reformed, and we assume that such was the case.

Conceding that the mistake of fact was such that the agreement, embracing mutual releases, might have been wholly set aside, yet the court had not the power, on a mere motion, supported by affidavits, to modify or reform the same, as was done. What was embraced in the instrument was put there as matter of mutual agreement, and had effect as a contract of the parties. The defendant could not, on motion, be relieved, in whole or in part, from the release which, by the terms of the instrument, he had effected, leaving the other party still concluded and bound by the corresponding release on his part. That would not be a relieving of the parties from an agreement entered into under such a mistake that it ought not to stand, but it would be a reformation of the agreement on a mere motion, if not the making of a new agreement, (in form,) for the parties, to which the plaintiff had never assented. It cannot be assumed that the

plaintiff would ever have entered into any agreement for a compromise of the action, or would have released his asserted cause of action, unless in consideration of the corresponding release by the other party in the full and comprehensive terms and measure expressed in the instrument. Certainly this cannot be assumed when, as in this case, it is averred that he would not have done so. If the agreement could be set aside at all it must be wholly set aside. The order appealed from had the partial effect above indicated, and for that reason it must be reversed. *Pritt* v. *Clay*, 6 Beav. 503, was a similar case, and is authority in support of our conclusion. Some other questions presented on the agreement need not be considered.

Order reversed.

(Opinion published 52 N. W. Rep. 930.)