HAMILTON TOWNSEND, Assignee, Etc.,

*v.*

ECKLEY B. COXE *et al.*

*Filed at Springfield, June 16, 1894.*

1. INSOLVENT DEBTOR—*assignment by non-resident—deed as passing title.* A deed of voluntary assignment for the benefit of creditors, executed in another State in conformity with our statute in respect to conveyances, will effectually pass the title to real estate situate in Illinois to the assignee, as against foreign attaching creditors of the insolvent, with actual knowledge of the assignment before the commencement of their attachment, when the assignment is not in contravention of our laws or public policy. A contrary rule prevails as to creditors of the insolvent residing in our State.

2. SAME—*validity of assignment, when involuntary.* If an assignment by a foreign debtor is not voluntary on his part, but is statutory, the conveyance will be treated as made by operation of law, and inoperative in this State against either foreign or domestic creditors.

3. SAME—*assignment under the laws of Wisconsin.* A deed of assignment by a debtor of Wisconsin, under a statute of that State, whereby he may be discharged of his debts left unpaid after the application of all his assets, will not be enforced in the courts of this State.

4. SAME—*deed of assignment repugnant to our laws, not enforced.* Where a deed of assignment of a non-resident insolvent debtor contains a clause releasing the debts of creditors presenting their claims, left after the distribution of the estate, such clause will render the deed void in this State; and the same result follows when the statute of the State, where it is made, gives the deed the same effect.

APPEAL from the Circuit Court of Lake County; the Hon. CLARK W. UPTON, Judge, presiding.

Messrs. WINKLER, FLANDERS, SMITH, BOTTUM & VILAS, and Mr. S. S. GREGORY, for the appellant:

A voluntary conveyance of land without the jurisdiction where the land is situated, if good where made, will be good everywhere; but a conveyance by operation of law is good only in the jurisdiction where the law can operate. *Willith* v. *Waite*, 25 N. Y. 577; *Weber* v. *Mick*, 131 Ill. 520.

The conveyance of lands in this State by a debtor of another State will not be enforced by our courts as against creditors residing in this State. *Heyer* v. *Alexander*, 108 Ill. 385; *Chafer* v. *Bank*, 71 Me. 514; *May* v. *Bank*, 122 Ill. 551; *Woodward* v. *Brooks*, 128 id. 222; *Juilliard* v. *May*, 130 id. 87.

As to the validity and enforcement of the assignment in this case, as against non-resident creditors attaching with notice of the deed, see *Ackerman* v. *Crop*, 54 N. Y. 29; *Guillander* v. *Howell*, 35 id. 657; *Ex parte Dickinson*, 29 S. C. 458; *Dansey* v. *Bennett*, 128 U. S. 489.

Messrs. NORTON, BURLEY & HOWELL, for the appellees:

The property attached is real estate, situate in this State, and is governed by the laws of this State. *Gardner* v. *Bank*, 95 Ill. 298; *City Ins. Co.* v. *Bank*, 68 id. 348.

The assignee for the benefit of creditors takes as a mere volunteer, and is not regarded as a *bona fide* purchaser for value. *Union Trust Co.* v. *Trumbull*, 137 Ill. 146; *Jack* v. *Weiennett*, 115 id. 305; *Hardin* v. *Osborn*, 94 id. 571; *O'Hara* v. *Jones*, 46 id. 288.

An assignment under the laws of another State is enforced only by comity between States, and is subject to all restrictions prescribed by the State where the property is. It does not, therefore, operate by itself as in case of an ordinary conveyance. *Woodward* v. *Brooks*, 128 Ill. 222; *Rhawn* v. *Pearce*, 110 id. 350; *Heyer* v. *Alexander*, 108 id. 385–394, 395; *Warner* v. *Jaffray*, 93 N. Y. 248; *Green* v. *Van Buskirk*, 7 Wallace, 139; *Hervey* v. *R. I. Locomotive Works*, 93 U. S. 664; Story Conflict of Laws, sec. 414; *Hibernia Natl. Bank* v. *Lacombe*, 84 N. Y. 367; *Paine* v. *Lester*, 44 Conn. 196.

This doctrine is also recognized in *May* v. *First Natl. Bank*, 122 Ill. 551, and *Juilliard* v. *May*, 130 id. 87.

Comity is "in international law, that courtesy between States or nations by which the laws and institutions of the

one are recognized, and in certain cases and under certain limitations given effect to, by the government of the other, within its territory." Century Dictionary; Bouvier's Law Dictionary.

A resident of one State is not presumed to know the law of another State as to the requirements of an assignment. *Stedman* v. *Davis*, 93 N. Y. 32–36; 3 Parsons on Contracts, 99.

The law of Wisconsin provides for the discharge of debtors from their debts, and is, therefore, a bankrupt law. R. S. of Wisconsin, sec. 1702*d*; *McClure* v. *Campbell*, 71 Wis. 350; *Berthelon* v. *Betts*, 4 Hill, 577.

Conveyances under a bankrupt law have no extraterritorial effect. *McClure* v. *Campbell*, 71 Wis. 350; *Oakley* v. *Bennett*, 11 How. 33; *In re Waite*, 99 N. Y. 433; *Rhawn* v. *Pearce*, 110 Ill. 350; *Johnson* v. *Hunt*, 23 Wend. 87.

The Wisconsin law, providing for a discharge of the debtor, is repugnant to our own law, Rev. Stat., Chap. 72, and a law repugnant to our own will not be enforced in our courts against attaching creditors, domestic or foreign. *Woodward* v. *Brooks*, 128 Ill. 222; *Warner* v. *Jaffray*, 96 N. Y. 248; *Greene* v. *Van Buskirk*, 7 Wallace, 139; *Henry* v. *R. I. Locomotive Works*, 93 U. S. 664; *Osborn* v. *Adams*, 18 Pick. 245; *May* v. *Wannamacher*, 111 Mass. 202; *Paine* v. *Lester*, 44 Conn. 196; *Conkling* v. *Carson*, 11 Ill. 503.

Citizens of Pennsylvania having sought the protection of the laws of Illinois by bringing their attachment suit in Illinois against property situated in Illinois, but belonging to a citizen of Wisconsin, before any conveyance is perfected, according to Illinois law, of that property, are entitled to all the rights of a citizen of Illinois as against that property, under the Constitution of the United States, section IV, article 2.

"The citizens of each State shall be entitled to all privileges and immunities of citizens in the several States." *Paine* v. *Lester*, 44 Conn. 196; *Hibernia Natl. Bk.* v. *Lacombe*, 84 N. Y. 367; *Rhawn* v. *Pearce*, 110 Ill. 350.

Mr. Justice Wilkin delivered the opinion of the Court:

On the 16th of December, 1891, appellees, residents of Pennsylvania and New York, sued out of the Circuit Court of Lake county a writ of attachment against "The Hadfield Company," a Wisconsin corporation, doing business at Waukesha, in that State, and caused the same to be levied upon a ten-acre tract of land situated in Lake county. Subsequently appellant filed an intervening petition, setting up that "The Hadfield Company," on the 15th of December, 1891, had, in Wisconsin, "made and delivered to him a deed of assignment to all its property, real and personal, in trust, to pay creditors, who should prove their claims, as provided in chapter 80 of the Revised Statutes of Wisconsin of 1878," and claiming title to the attached premises by virtue thereof. The Circuit Court having denied his petition, and rendered judgment in favor of appellees on their attachment, he brings this appeal.

The question for decision here is, whether the deed of assignment, set up in the interpleader, passed the title to the land levied upon, as against the attachment of appellees.

There is no controversy as to the facts. The deed of assignment was not recorded in Lake county. On the date of its execution, the assignor conveyed this land to appellant by quit-claim deed, but that conveyance was not filed for record until the 22d of that month, nor was possession of the land taken prior to that time. Appellees had notice of the assignment before commencing their attachment proceeding, but not of the quit-claim deed.

The deed of assignment was executed in conformity with our statute providing for the conveyance of real estate.

The intervening petition alleges that it was executed in conformity to the laws of Wisconsin relating to voluntary assignments for the benefit of creditors, and a complete copy of those laws was introduced in evidence upon the trial.

That a deed of voluntary assignment for the benefit of creditors, executed in another State in conformity with our statute in respect to conveyances, will effectually pass the title to real estate situated in Illinois to the assignee, as against foreign attaching creditors of the insolvent, with actual knowledge of the assignment before the commencement of their attachments, when the assignment is not in contravention of our laws or public policy, was expressly held in *May* v. *First National Bank,* 122 Ill. 551, followed by *Juilliard & Co.* v. *May,* 130 id. 87.

A contrary rule prevails as to creditors of the insolvent residing in our own State. *Heyer* v. *Alexander,* 108 Ill. 385.

And if the assignment is not voluntary on the part of the debtor, but statutory, the conveyance will be treated as made by operation of law, and inoperative in this State as against either foreign or domestic creditors. *Rhawn et al.* v. *Pearce et al.,* 110 Ill. 350. If, then, the assignment by "The Hadfield Company" was voluntary, as distinguished from a statutory assignment, and not in conflict with the laws of this State, the case of *May* v. *First National Bank, supra,* is decisive against the judgment below.

The voluntary assignment law of Wisconsin declares, that "Any person who shall have made a voluntary assignment for the benefit of his creditors, under or in pursuance of the laws of this State, may be discharged from his debts as a part of the proceedings under such assignment, upon compliance with the provisions of this act." The proceeding by which such discharge may be obtained by a hearing or trial is then prescribed, and it is provided: "If it shall appear, upon such hearing or trial, that such in-

solvent debtor has, in good faith, made a voluntary assign-
ment for the benefit of his creditors, and has, in all
respects, complied with the laws of this State in regard to
voluntary assignments, and, with this act, such court or
judge shall grant such insolvent debtor a discharge from
his debts, which shall have the effect declared in this act."

The effect of the discharge is declared to be to release
the insolvent debtor "from all personal liability in favor of
such of his creditors as shall reside in this State, and such
of his creditors as reside out of this State, who have proved
their claims against such insolvent debtor in the proceedings
on such assignment, or who have received any dividend
from the assignee of such insolvent, or out of the estate of
such insolvent debtor, or in any way participated in the
proceedings under such assignment, or who have appeared
in said proceedings for such discharge."

It is manifest from these provisions that a creditor of an
insolvent debtor in Wisconsin, who makes a voluntary
assignment, valid under the laws of that State, can only
avoid a final discharge of the debtor from all liability on
his debt, by declining to participate in any way in the
assignment proceedings.

He is, therefore, compelled to consent to a discharge, as
to so much of his debt as is not paid by dividends in the
insolvent proceeding, or take the hopeless chance of re-
covering out of assets of the assigned estate remaining
after all claims allowed have been fully paid. For this
reason the Court of Appeals of New York, in the recent
case of *Barth* v. *Backus*, 140 N. Y. 230, expressly held
this Wisconsin statute to be in the nature of a bank-
rupt law, and a voluntary assignment made under it in-
effectual to transfer title to property of the insolvent
situated in the State of New York, as against attaching
creditors.

It was there said, "The assignment was voluntary in the
sense that the Wilkin Manufacturing Company was not co-

erced into executing it, and the title to the property was vested in the assignee by its own act. But whether it is to be treated as voluntary in another jurisdiction, when the claims of creditors there are in question, is the point. The assignment purports to have been made under and in pursuance of the law of Wisconsin. The assignor, by proceeding under that law, presumably designed to avail itself of the provision for the discharge. This could only be accomplished by force of the law. The right of an insolvent, or bankrupt, to initiate voluntary proceedings in bankruptcy, is a common feature in bankrupt laws, but that fact does not make the assignment voluntary, so as to give extra-territorial operation to the proceedings. This point was adverted to in the case of *Upton* v. *Hubbard*, 28 Conn. 274, where the court said: 'In our view there is essentially no difference whether, in consequence of an act of bankruptcy, as in England, the bankrupt's estate is forced from him, or he, himself, sets the law in motion by a conveyance in bankruptcy in the first instance.' Under the Wisconsin statute the transfer is voluntary, but the law then steps in and regulates the distribution of the assigned estate in accordance with conditions which the sovereign alone can impose. It would, we think, be disregarding the substance to hold that the voluntary feature of the law distinguishes it from the class of bankrupt or insolvent statutes, which, by general consent in this country, are held to be ineffectual to transfer the title of the insolvent to property in another State, as against attaching creditors there."

We think it is thus clearly shown that the fact that the insolvent is not coerced into the execution of the deed of assignment, is not of controlling importance, when the question as to whether it shall be treated as a voluntary assignment arises in another jurisdiction between the assignee and creditors of the insolvent. If the Hadfield Company had attempted to write into its deeds of assignment that part of the statute of Wisconsin by which it may ob-

tain a discharge against creditors filing their claims, the assignment would have been clearly void at common law, as held by this court in *Howell* v. *Edgar*, 3 Scam. 417, *Ramsdell et al.* v. *Sigersen et al.*, 2 Gilm. 78, and *Conkling* v. *Carson*, 11 Ill. 508.

In the last of these cases it was said: "A debtor in failing circumstances has an undoubted right to prefer one creditor to another, and to provide for the preference by assigning his effects; but he is not permitted to say to any of his creditors that they shall not participate in his present estate unless they will release all right to satisfy the residue of their debts out of his future acquisitions."

The rule commends itself to our sense of justice, and is supported by potent reasoning in the opinion of Scates, J., in *Howell* v. *Edgar*, 3 Scam. 417.

It is not claimed, nor is there room for claiming, that the law of this State, as here announced, has ever been changed or modified, either by statute or the decisions of this court.

If, then, appellant had set up in his interpleader a voluntary deed of assignment, containing a condition for the release of the assignor as to creditors who should file their claims, he would have been met with the objection that such an assignment is void in Illinois. Is he in any better position in asking the court to give effect to an assignment made under the statute of another State which gives the right, and provides all the means by which the debtor may obtain such a release? We think not. In either case the assignment contravenes the plain and well settled law of this State. As we said in *Woodward et al.* v. *Brooks et al.*, 128 Ill. 222: "But if the foreign assignment, if made here, would be set aside as fraudulent, or contrary to the policy of our laws, our courts will not enforce it as against attaching creditors, whether foreign or domestic, although it may be valid in the State where made."

We are of the opinion, then, that the judgment of the Circuit Court is maintainable, either upon the ground that an assignment for the benefit of creditors under the statute of Wisconsin is in effect a voluntary bankruptcy proceeding, or that such an assignment is contrary to the laws and public policy of this State.

We have examined with care the able argument of counsel for the appellant in support of the contrary view, and are unable to yield our consent thereto.   The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*