J. F. Franzen, Assignee, Appellant, v. Hutchinson & Wesner.

**Comity:** LEX LOCI: ASSIGNMENTS FOR BENEFIT OF CREDITORS valid
1  in Minnesota and invalid here will not be enforced in Iowa even against personal property situate here.

**Same.** Therefore an Iowa insurance agent of assignor may set off
2  unearned premium on Iowa policies assigned the agent here,
3  against what he owes the assignor insurance company, though the assignment be taken after notice but before official notice.

**Estoppel.** That one files claims with an assignee does not estop
4  denying the validity of the assignment where the right of set off is claimed and when such filing causes no change of position.

*Appeal from Des Moines District Court.*—Hon. J. D. Smythe, Judge.

Wednesday, April 3, 1895.

Action at law to recover insurance premiums collected by defendants for the St. Paul German Insurance Company. Trial to a jury. At the conclusion of the testimony the court directed a verdict for defendants, and plaintiff appeals.—*Affirmed*.

*J. W. Lindsay* and *Blake & Blake* for appellant.

*Power & Huston* for appellees.

Deemer, J.—The St. Paul German Insurance Company, a corporation organized under the laws of the state of Minnesota, was prior to the fourteenth day of April, 1892, doing a fire insurance business, with its home office in St. Paul. On that day it made a deed of general assignment to the plaintiff, who immediately accepted the trust, and entered upon the discharge of his duties. This assignment was made under and by virtue of the statutes of Minnesota, which contain the following, among other provisions: "No creditor of any insolvent debtor shall receive any benefit under the provisions of this act, or any payment of any share of the proceeds of the debtor's estate, unless he shall have first filed with the clerk of the district court, in consideration of the benefits of the provisions of this act, a release to the debtor of all claims other than such as may be paid under the provisions of this act, for the benefit of such debtor, and thereupon the court or judge may direct that judgment be entered discharging such debtor from all claims or debts held by creditors who shall have filed such releases." The deed of assignment also contained the following provision: that "the assignee shall, out of the funds coming into his hands, * * * pay and discharge, in the order and precedence provided by law, all debts and liabilities now due or to become due from

said party of the first part, together with all interest due and to become due thereon, to all its creditors who shall file release of their debts and claims against said party of the first part." The defendants were recording agents for said company at Burlington, Iowa, and as such collected, in premiums upon policies issued in the aforesaid company about three hundred dollars in money, of which they remitted but a part, having a balance in their hands at the time the assignment was made of one hundred and twenty-one dollars and seventy-eight cents. Plaintiff brought this suit to recover this balance. The defendants denied the validity of the assignment, denied there was any balance of collected premiums in their hands, and further alleged that about April 15, 1892, certain policy holders in the company presented their policies to defendants for cancellation at short rates; that defendants accepted a surrender of the policies so presented, and paid to the holders the unearned premiums out of their own funds, and took an assignment of their claims against the company; that they thus paid out the sum of four hundred and eighteen dollars and thirty-five cents. And they asked that this sum be set off against any amount that might be found due from them to the plaintiff. They also averred that they canceled said policies, and refunded the unearned premiums, as agents of the insurance company. The plaintiff replied to this set-off by pleading that defendants took their assignments and paid the unearned premiums without authority from the insurance company, and that the assignments were made and premiums paid by defendants after the assignment, and after they had received notice thereof. The lower court directed the jury to find for the defendants, and plaintiff appeals.

I. The invalidity of the assignment was pleaded in an amendment to the answer filed during the trial,

and after nearly all of the testimony had been adduced. Plaintiff objected to the filing of the amendment, but his objection was overruled. In this there was no error. *Insurance Co. v. Dankwardt,* 47 Iowa, 432.

II. The lower court held that the assignment to plaintiff was invalid, under our laws, and that the defendants could offset, as against the amount of 'premiums collected by them, the claims for unearned premiums held by policy holders at the time of the assignment, and by them assigned to defendants after the assignment to plaintiff. Appellant insists that the assignment is valid according to the laws of Minnesota, and enforceable here, and, if not valid, that defendants cannot offset the claims they now hold, as against the indebtedness due the company. The extraterritorial effect of state insolvent or bankrupt laws has been the subject of much diversity of opinion among the several courts of the country; one line of cases holding that a voluntary assignment, valid according to the law of the state where made, is, as to personal property owned by the assignor, valid everywhere, on the theory that it is a voluntary transfer and conveyance of property, and as personal property follows the person, and is constructively present with and in the possession of the owner, wherever he may be, a transfer of it is to be governed by the law of the place where the debtor may be at the time he makes the conveyance. See *Railroad Co. v. Glenn,* 28 Md. 287. Another class of cases holds that, though the assignment may be valid where made, yet, if invalid by the law of the state where the debts are located, or other personal property of the assignor is found, the assignment is void as to creditors of the assignor resident in the latter state, but is valid as to the creditors residing in other states. As illustrative of this doctrine, see *May*

*v. Bank*, 122 Ill. 551, 13 N. E. Rep. 806; *Butler v. Wendell*, 57 Mich. 62, 23 N. W. Rep. 460; *Bentley v. Whittemore*, 19 N. J. Eq. 462. A third class holds that, where a foreign assignment is invalid according to the law of the state where the property or debt is situated, the objection may be raised by any one, whether residing in the state of the suit or not. These cases regard the assignment as like a foreign contract, which will not be enforced elsewhere, when in conflict with the law or policy of the forum. See *Warner v. Jaffray*, 96 N. Y. 248; *Faulkner v. Hyman*, 142 Mass. 53, 6 N. E. Rep. 846; *Bank v. Lacombe*, 84 N. Y. 367; *Green v. Van Buskirk*, 5 Wall. 307; *In re Waite* (N. Y. App.) 2 N. E. Rep. 440. This last seems to us to be the better doctrine. And we look then to see whether the assignment in question, made under a law which contains the provision above set forth, is valid or not. We have held that a deed of assignment containing a stipulation similar to the one in question is contrary to our assignment laws, and consequently invalid. *Sperry v. Gallaher*, 77 Iowa, 107; *Williams v. Gartrell*, 4 G. Greene, 287. Therefore, under the rule established in the third class of cases above referred to, and which we adopt as the better one, we will not give extraterritorial effect to the assignment under which plaintiff claims a right to sue. The statute of Minnesota, referred to, makes an assignment thereunder practically an assignment in bankruptcy, and as such it is contrary to the policy of our laws, and it will not be enforced in this state. *Faulkner v. Hyman, supra; Frank v. Bobbitt* (Mass.) 29 N. E. Rep. 209. See, also, *Loving v. Pairo*, 10 Iowa, 282; *Moore v. Church*, 70 Iowa, 208; *King v. Glass*, 73 Iowa, 205. It is true that in these last-cited cases from this court the controversy was over real estate of the

assignor, but we think the rule is the same whether the property be real or personal. On the fifteenth day of April, 1892, the defendants saw a newspaper dispatch stating that the insurance company was in financial straits, and had made an assignment; but they received no official notice thereof until April 21, 1892. In the meantime the defendants took the assignments for the unearned premiums, which they seek to set off against their liability to the company. It is insisted on the part of appellant that they cannot be allowed to do this; that it would be fraud upon the other creditors. If the assignment were valid and given extraterritorial force, there would be much force in this contention. May, Ins. section 595; *Smith v. Hill*, 8 Gray, 572; *Stone v. Dodge* (Mich.) 56 N. W. Rep. 75. But, as the assignment is invalid in this state, policy holders in assignor company had the right at any time, even after the assignment, to cancel their policies, and demand the unearned portion of the premiums which they had paid, and could enforce their demands against any property of the company within this state, notwithstanding the assignment, which was void, as to them, for the reasons above indicated. This right of the policy holders is assignable, and defendants, as assignees of the policy holders, received from them their rights, which will include the privilege of setting off debts owing by them to the company against these claims in their favor. If the assignment had been made in this state, the defendants would have the unquestioned right to avoid it, no matter where they acquired their claims, and we think the fact that it was made in Minnesota gives the assignee thereunder no greater claims than if made here. Again, if the assignment in question be treated merely as a voluntary contract between the assignor and the assignee the claim against the defendants would be subject to any defense or counterclaim.

they may have against the assignor before notice of the assignment thereof is given in writing to the debtor. Code, sections 2086, 2087, 2546.

III. Appellant insists that defendants are estopped from contesting the assignment because they filed their claims for unearned premiums with the assignee, and thus recognized him as such. The appellees did file a claim with the assignee, but in this claim they credited themselves with the premiums held by them, collected for the company, and insisted at all times on their right to set off, as against the premiums collected, sufficient of their claims for unearned premiums to balance the account. They did no act and made no declaration which could have induced the assignee to believe they were going to waive their right of set-off, and did not cause him to change his position in any manner. They are not estopped from now insisting on their right of set-off. *Moore v. Church, supra.*

Other questions are discussed, but in the view we take of the case it is not necessary to consider them. The judgment of the district court is *affirmed.*