E. H. EIDAM *vs.* ANDREW J. FINNEGAN *et al.*

Argued Dec. 15, 1891.   Decided Jan. 18, 1892.

**Stipulation Binds Client, when.**—A stipulation by an attorney that the action shall abide the event of another action pending, binds his adult clients, unless it be improvidently, fraudulently, or collusively made.

**Stipulation of Attorney Does not Bind Infant unless Court Approves.**— But such stipulation does not bind an infant party unless approved and ratified by the court upon a showing that it is for the interest, or, at least, not prejudicial to the interest, of the infant.   It must appear that the matters in controversy in the two actions, so far as affected the infant, are precisely the same, and that he is represented in the two actions by the same guardian *ad litem.*

Judgment reversed as to the minor defendants, and affirmed as to the others.

Appeal by the defendants from a judgment entered in the district court of Hennepin county, April 17, 1891, *Smith, J.*

Action under the statute to determine adverse claim to certain real estate in Mendelssohn, Hennepin county.   The defendants Edward A. Finnegan, P. James Finnegan, and J. Henry Finnegan were minors, and their father, the defendant Andrew J. Finnegan, their guardian *ad litem.*   All of the defendants answered jointly by the same attorney.   On September 18, 1890, in the district court of Hennepin county, a stipulation entitled " *E. H. Eidem, Plaintiff,* against *A. J. Finnegan et al., Defendants,*" was filed in this action, signed by the attorney of record, wherein it was stipulated that "the above-entitled action abide the event of the case of *Lydia Richards* vs. *Andrew J. Finnegan et al.,* tried in said court, which action has

been appealed to the supreme court from an order denying a motion for a new trial, which appeal is now pending."

The *Richards Case* was on January 12, 1891, affirmed, (45 Minn. 208.) Final judgment therein was entered in the district court on February 5, 1891, adjudging the plaintiff to be the owner of the real estate described in the complaint in that action, and that the defendants had no estate or interest therein. On April 6, 1891, the court below, upon said stipulation and judgment in the *Richards Case,* without other proof or hearing, on plaintiff's motion, ordered judgment to be entered in his favor, that he was the owner of the real estate described in the complaint, and that none of the defendants had any estate or interest therein.

*Edward Savage,* for appellants.

The judgment appealed from is founded solely upon a stipulation purporting on its face to have been made in another action. "Eidem" and "Eidam" are not *idem sonans. Atwood* v. *Landis,* 22 Minn. 558; *Com.* v. *Gillespie,* 7 Serg. & R. 469; *Brown* v. *People,* 66 Ill. 344; *Amann* v. *People,* 76 Ill. 188; *Morgan* v. *State,* 61 Ind. 447.

The court had no power to render a judgment against the infant defendants without legal proof of a cause of action. *Mills* v. *Dennis,* 3 John. Ch. 367, 368; *Peak* v. *Pricer,* 21 Ill. 164; *Howell* v. *Mills,* 53 N. Y. 322, 335; *Cooper* v. *Mayhew,* 40 Mich. 528; *Long* v. *Mulford,* 17 Ohio St. 484; *Bank of U. S.* v. *Ritchie,* 8 Pet. 128, 145.

The terms of the stipulation are not broad or certain enough to warrant the order for judgment or to sustain the judgment as entered. The words "abide the event" have no definite signification.

*John H. Steele,* for respondent.

Cited *Ruthe* v. *Green B. & M. Ry. Co.,* 37 Wis. 344; *Miller* v. *Brenham,* 68 N. Y. 83; *Bray* v. *Doheny,* 39 Minn. 355; *Bingham* v. *County of Winona,* 6 Minn. 136, (Gil. 82;) *Rogers* v. *Greenwood,* 14 Minn. 333, (Gil. 256;) *Ohlquest* v. *Farwell,* 71 Iowa, 231.

GILFILLAN, C. J. In this action, brought under the statute to determine adverse claims to real estate, three of the defendants are minors. A guardian *ad litem* for them was seasonably appointed, and the defendants, appearing by the same attorney, answered jointly. After the issues were made, the attorneys for the respective parties

made a stipulation in writing that the action abide the event of another action, which had been tried in the district court, and was then pending on appeal in this court. Final judgment having been rendered in the action referred to, the court, on motion of the plaintiff, directed judgment to be entered for plaintiff pursuant to the stipulation, and from the judgment so entered all the defendants, adults as well as minors, appeal to this court. In the stipulation the plaintiff's name was spelled "Eidem" instead of "Eidam." That would not be a misnomer in any case, but it would not matter if it were, for the court, before acting on the stipulation, could ascertain if it was intended to be one in this case. There can be no doubt it meant that judgment should be entered in this case according to the decision in the action referred to. According to the decisions of this court, such a stipulation made by the attorneys would bind the adult clients, subject to the power of the court to set it aside or disregard it, if improvidently, fraudulently, or collusively made. *Bingham* v. *County of Winona*, 6 Minn. 136, (Gil. 82;) *Rogers* v. *Greenwood*, 14 Minn. 333, (Gil. 256;) *Bray* v. *Doheny*, 39 Minn. 355, (40 N. W. Rep. 262.) There is no suggestion that this stipulation was obnoxious to such an objection. Nothing is called in question but the authority to make it on behalf of the minor defendants. It was therefore valid as to the adult defendants.

While it is true, as a general rule, that an attorney may bind his client by such a stipulation as this, it does not follow that the attorney employed by a guardian *ad litem* to represent the minor defendants may do so. The authority of the attorney cannot be greater than that of the guardian who employs him. It is necessary, therefore, to consider what is the authority of the guardian. The statute regulates the appointment of guardians *ad litem*, but does not define their powers. When appointed for an infant defendant, it is to defend the interests of the infant in the action. Some of the decisions limit his power so as practically to deprive him of all discretion or exercise of judgment in conducting the defense. Thus it has been held that the answer made by the guardian should be a full defense, specifically denying the material allegations, without regard to the truth of the denials as to anything which may be prejudicial to the

minor, (*Varner* v. *Rice*, 44 Ark. 236; *Pillow* v. *Sentelle*, 39 Ark. 61; *Brenner* v. *Bigelow*, 8 Kan. 496;) that he cannot waive any rights of the minor, (*Cartwright* v. *Wise*, 14 Ill. 417; *Litchfield* v. *Burwell*, 5 How. Pr. 341; *Howell* v. *Mills*, 53 N. Y. 322;) or make admissions either in the answer or for the purpose of the trial, (*Ashford* v. *Patton*, 70 Ala. 479; *Quigley* v. *Roberts*, 44 Ill. 503; *Tucker* v. *Bean*, 65 Me. 352; *Newins* v. *Baird*, 19 Hun, 306.) The decisions we have cited, though they are extreme, and go further than we would be willing to go, are in line with all the authorities, and accentuate the proposition that the relation between the guardian *ad litem* or the attorney whom he employs and the infant defendant is not the same as that between an attorney and an adult client. We would not be willing to assent to the proposition that a guardian *ad litem* or the attorney may not, in good faith, exercise discretion or judgment in the conduct of the cause. As our system of pleading does not provide any form of answer or verification by a guardian *ad litem* different from that of any other defendant, we do not think an answer by the guardian can be condemned merely because it does not deny material allegations in the complaint. Nor can we admit that concessions or admissions such as are ordinarily made in the progress of a cause, and which are entirely consistent with good faith, and which it is frequently for the interest of a party to make, may not be made by the guardian. To hold otherwise would impeach any trial in which the guardian or attorney omitted to make objections to evidence or proceedings in the trial which he might have made. So in *Matter of Hawley*, 100 N. Y. 206, (3 N. E. Rep. 68,) and in *Matter of Tilden*, 98 N. Y. 434, it was held that a decree allowing the accounting of an executor could not be vacated on the application of a minor interested in it, and represented by a guardian *ad litem*, on the ground that items in the account ought not to have been allowed, nor upon any other ground than such as would have been available to an adult. And in *Reed* v. *Reed*, 46 Hun, 212, it was held that a judgment in partition could not be assailed, though in the same action, on the ground that the guardian *ad litem* might have objected, but did not, that the plaintiff had not such interest as entitled him to bring the action. The adult parties to an action have

rights in it as well as the parties who are minors. The former are not to be made, without their consent, the guardians to protect the rights of the latter. It is for the court to see that the rights of the minors are protected. This duty it performs by appointing a proper person as guardian in the manner provided by law, and by the exercise, whenever necessary, of its right of supervision and control over the acts and conduct of the guardian thus appointed. In the exercise of this control the court may set aside or disregard acts or concessions of the guardian which have not already passed its scrutiny, and which, though fair on their face, are shown to the court to have been improvidently or fraudulently done or made. And it may and ought to set aside or disregard such acts or concessions as apparently waive or surrender any material right of the minor, such, for instance, as the right to a trial, unless they be shown to be beneficial, or, at any rate, not prejudicial, to the rights and interests of the minor. The power of supervision and control over the guardian includes the right to accept and act upon what he has done, or, if proper protection to the interests of the minor require it, to reject and disregard what he has done. It is a matter for the court in which the action is pending, and no other. It may commit error in the matter; for instance, it may assume to be binding on the court an act, admission, or stipulation of the guardian which it ought to set aside or disregard. In this case the stipulation in effect waives a trial, and it could not be taken as binding and acted upon until the court approved and ratified it, upon a showing that it was not prejudicial to the interests of the minor defendants. Such a stipulation might well be not only not prejudicial, but actually beneficial, to them. For instance, suppose several actions by different plaintiffs against the same defendants, involving precisely the same matters of controversy. An agreement that the others shall abide the event in one of them will save the useless cost and trouble of repeated trials. If there were in all of them the same guardian *ad litem* for the minor defendants, such a stipulation would put upon him the duty of adequately defending in the action specified the rights of the minor involved in each of the others, and we think the court might approve of that. It would be otherwise where there are different guardians

in the action in which the stipulation is made and that specified in it, for that would be, in effect, to cast on another guardian the duty and burden belonging to the stipulating guardian.   So far as the record in this action shows, the facts requisite. to justify the court in ratifying the stipulation and ordering judgment upon it did not appear.   From the moving papers it does not appear with sufficient certainty that the matters in controversy in the two actions were, so far as concerned the minors, precisely the same, and there was no attempt to make it appear that the guardian in this was also the guardian in the other action.   For this reason it was error to order judgment against the minor defendants, Edward A. Finnegan, P. James Finnegan, and J. Henry Finnegan.

As to them the judgment is reversed, and affirmed as to the other defendants.

(Opinion published 50 N. W. Rep. 933.)