ERNST A. GERDTZEN *vs.* FRANK M. COCKRELL.

Argued Dec. 1, 1892. Decided March 13, 1893.

**Renewal of Motion for Relief After Appeal.**

A decision of this court reversing an order of the district court, on the ground that the form of relief granted was not warranted, does not preclude a renewal of the application, upon the same facts and record, for the appropriate relief. The decision in this court is not necessarily final in respect to other relief. It may expressly provide for a renewal of the motion, or the authority to do so may be implied from the nature of the case and the grounds of the decision, where the appeal does not finally dispose of the whole matter on the merits; and in such cases the fact that, pending the proceedings upon the appeal, more than one year has elapsed, will not bar the second motion. The original motion, the appeal, and renewal should, as respects the application of the statute, (1878 G. S. ch. 66, § 125,) be regarded as one proceeding.

**What Relief may be Granted.**

And where the relief sought on the renewal of the motion might have been given upon the original application, under the general prayer for relief, (as held upon the facts in this case,) it may be granted on the second or renewed application.

**A Stipulation in an Action may be Set Aside on Motion.**

Where the parties to an action pending in the district court, by a formal agreement under seal, stipulated the terms of a compromise and settlement of the mutual claims of the parties involved in the action, and authorized judgment to be entered in pursuance of such stipulation, which was accordingly done, *held,* that it was within the power of the

court, upon a proper showing, to set aside such agreement, and place the parties *in statu quo* upon motion. The form of the agreement is not material. It was a proceeding in the cause, and the effect of the order setting it aside was to leave the parties free to proceed to a trial of the merits of the controversy.

### Evidence Justified the Decision.

Evidence upon such an application in this case *held* sufficient to justify the decision and order of the trial court.

### Set-Off in Actions by Administrators.

Under Laws 1889, ch. 46, § 113, the defendant in an action brought against him, by an administrator, may set off any claim he has against the deceased; and it is not necessarily error to allow such set-off or counterclaim to be interposed in such an action after a final order of distribution has been made in the probate court.

Appeal by plaintiff, Ernst A. Gerdtzen, as administrator of the estate of Lena Weinberg, deceased, from an order of the District Court of Winona County, *Start, J.*, made August 30, 1892, setting aside the stipulation of the parties, and vacating the judgment entered thereon, and permitting defendant to amend his answer.

For a statement of the facts, reference is made to the report of the former decision of this court in this action. *Gerdtzen v. Cockrell*, 50 Minn. 546. The *remittitur* having been sent down, the defendant obtained an order of the District Court that plaintiff show cause on August 22, 1892, why the judgment of that court entered January 24, 1891, and the stipulation on which it was based, should not be vacated and set aside, and defendant allowed to amend his answer. At the hearing on this order this relief was granted, the stipulation and judgment vacated, and the amended answer allowed and served. From this order plaintiff appeals.

*Gould & Snow,* for appellant.

The relief now sought by defendant cannot be granted on motion, made more than a year after notice of entry of the judgment. 1878 G. S. ch. 66, § 125. It was suggested in the court below, and may be urged here, that the former appeal stayed the running of the one year within which this motion might be made. The appeal

only stays proceedings under the order, and saves plaintiff's rights as they existed prior to the order. 1878 G. S. ch. 86, § 10. We submit that the order to show cause, and all proceedings had thereunder, were arbitrary and unwarranted, and the theory that it was a renewal of the former motion is wholly untenable.

All the facts on which the present proceeding is based were known to defendant at the time of making the original motion. It was plainly the duty of the court to refuse to hear these repeated motions on the same facts. *Swanstrom* v. *Marvin*, 38 Minn. 359; *Weller* v. *Hammer*, 43 Minn. 195.

The only way in which the judgment can be vacated or set aside, is by a bill in equity in which the question whether there was any mistake or inadvertence affecting the judgment can be formally litigated. Defendant's ignorance of some matter of defense or counterclaim afterwards discovered, cannot have been in contemplation in making the statute in question. 1878 G. S. ch. 66, § 125. And certainly the statute does not authorize the court to set aside contracts made by parties out of court. When the former order was reversed, it was a conclusive and complete disposition of all the matters involved in the motion. *Thompson* v. *Myrick*, 24 Minn. 4.

The motion should have been denied, because the facts presented by the defendant's moving papers, if the same were established by evidence or admitted, would be insufficient to warrant a judgment in his favor. The deceased entered defendant's employ thirty years before her death, without then having, so far as defendant knew, any money or property. She continued in his service until her death, and he intrusted her from day to day with money to be used in his business, such as purchasing supplies and hiring help for his hotel. He paid her little or nothing for her services. At the end of the time, and upon her death, she was possessed of about $25,000, secreted in her trunk and piano stool, and of which fact the defendant was ignorant, as well as of the manner in which she obtained the money. It is not alleged or pretended that she did not purchase the supplies or employ the help for which the money was furnished. While, therefore, our curiosity is excited to know whose money it is that was found in her possession, and as to how she came

by it, yet there is nothing to warrant a verdict or finding that it belongs to the defendant. When the court is asked to exercise its discretion as to opening this judgment, such facts should be shown as would make it reasonably certain that the defendant's claim is well founded. The basal, affirmative statement that this defendant has lost $25,000 or any other sum is nowhere asserted in this record. The claim that he has sustained such loss is predicated solely on the circumstance that the money was found in the effects of deceased. Had it not been discovered he would not have supposed that he had lost any. He swears that he never suspected intestate's honesty until after her death.

After the compromise judgment had been entered, plaintiff, as administrator, rendered his final account to the Probate Court, and it was allowed June 11, 1891, and a decree of distribution entered. This decree not only granted distribution of the property mentioned in the inventory and account, but expressly included "all other estate of said deceased." This decree of the Probate Court is a bar to a recovery by the defendant in this action. To admit him to litigate his counterclaim would be an idle proceeding. If it be claimed that this action was instituted before the final decree was made, and that fact prevents the probate decree from taking effect as a bar, under the rule in *Whitney* v. *Pinney*, 51 Minn. 146, we make reply that, at the time of entering the decree, this case was not pending, having been settled by the parties and judgment entered.

The defendant's claim is of such nature that, if valid, it was allowable in the Probate Court. It was the duty of the defendant to have presented it to that court for allowance. His failure to do so brings it within the limitations prescribed by the Probate Code, §§ 102, 104, and it is therefore barred, unless relieved by other circumstances. *St. Croix Boom Co.* v. *Brown*, 47 Minn. 281; *Hill* v. *Nichols*, 47 Minn. 382. A judgment will not be set aside or opened to allow a defendant to plead a counterclaim that had, subsequent to the judgment, with his knowledge of its existence, been suffered to outlaw. Some cases hold that a judgment will not be opened in any event for the purpose of a defense by way of counterclaim or set-off. *Strout's Appeal*, 109 Pa. St. 326; *Wills* v. *Browning*, 96 Ind. 149.

*Wm. H. Yale* and *Wilson & Bowers,* for respondent.

The judgment and mandate of this court on the former appeal were filed in the District Court on August 8, 1892. That mandate remitted the case to the District Court for "such other or further record and proceedings therein as may be by law just, necessary, and proper." On August 18, 1892, the District Court made an order on all the records, files, papers and proceedings in the action and on an affidavit of defendant and a proposed amended answer, requiring plaintiff to show cause why the stipulation and judgment of January, 1891, should not be vacated *in toto,* and why defendant should not have leave to interpose his proposed amended answer; and on August 30, 1892, made the order now appealed from.

This was not a new motion. The motion in August, 1891, presented all the facts, and the notice of motion at that time was, that the defendant would move the court "to modify and reform the contract or stipulation of compromise, entered into herein, and for such · other or further relief in the premises as may be equitable, and to the court may seem proper." The judgment of the Supreme Court was merely of reversal, without direction of any particular action below; and the case was remanded by the Supreme Court to the District Court for such action as the latter court might take, not inconsistent with the Supreme Court's decision. In such case, the judgment of reversal having merely undone the previous order of the District Court, the original motion stood in that court undisposed of. Some disposition of that motion, consistent with the appellate decision, was not only proper, but necessary. Had this court ordered the District Court to make a specific disposition of the motion, an order of the District Court would have been proper and requisite to that end. The only decision of this court was that defendant was not entitled to the specific relief of reformation, and that the order giving such specific relief was therefore set aside. This left matters as if no order had ever been made. This court's opinion did not decide, and its judgment did not direct, that the motion of August, 1891, must be denied. In legal effect no order whatever had been made upon that motion. The motion then went into the hands of the District Court to consider proper relief to defendant, and the new order

was merely a correct decision of the old motion which was submitted in the summer of 1891, and remained still undecided. *Davis* v. *Crouch*, 94 U. S. 514; *Smith* v. *Adams*, 130 U. S. 167; *McComb* v. *Commissioners of Knox Co.*, 91 U. S. 1; *Jordan* v. *Humphrey*, 32 Minn. 522; *Capehart* v. *Van Campen*, 10 Minn. 158, (Gil. 127;) *Everest* v. *Ferris*, 17 Minn. 466, (Gil. 445;) *Conway* v. *Elgin*, 38 Minn. 469.

When a moving party asks in his notice of motion for a specific relief, and for such other or further relief as may be just, the court may afford any relief compatible with the facts of the case presented. *Landis* v. *Olds*, 9 Minn. 90, (Gil. 79;) *People ex rel.* v. *Supervisors of Delaware Co.*, 45 N. Y. 196; *Jackson* v. *Stiles*, 1 Cow. 134, note 1; *Ferguson* v. *Jones*, 12 Wend. 241; *Van Slyke* v. *Hyatt*, 46 N. Y. 259.

An illustration of an application which is not in legal nature a new motion, but a continuance of a former one, will be found in *Butler* v. *Mitchell*, 17 Wis. 52.

An agreement made in the course of an action concerning its subject-matter, and the course or settlement of the case, may be relieved against on motion upon grounds, such as fraud or mistake, that are recognized reasons for relief in respect to contracts generally. *Bingham* v. *Board of Supervisors*, 6 Minn. 136, (Gil. 82;) *Bray* v. *Doheny*, 39 Minn. 355; *Rogers* v. *Greenwood*, 14 Minn. 333, (Gil. 256;) *The Hiram*, 1 Wheat. 440; *Seaver* v. *Moore*, 1 Hun, 305; *Wells* v. *American Express Co.*, 49 Wis. 224; *Ward* v. *Clay*, 82 Cal. 508; *Ferris* v. *Crawford*, 2 Denio, 595; *Hancock* v. *Winans*, 20 Texas, 320; *Richardson* v. *Musser*, 54 Cal. 196; *Barry* v. *Mutual Life Ins. Co.*, 53 N. Y. 536.

To the claim that the decree of the Probate Court assigning the estate is a complete bar to liability in the present action, we say, it is wholly immaterial, as respects defendant's right to a judgment on the counterclaim against the administrator, whether there will be assets to meet the judgment or not. The right to a judgment does not depend upon the pecuniary responsibility of the debtor. Defendant's judgment, if recovered, will be against the goods of the deceased, the assets in the administrator's hands; and if there are none, the judgment will not be collectible. It is therefore wholly

immaterial whether the final decree of the Probate Court places the money beyond the reach of a judgment against the administrator or not. Still other assets may come to the administrator's hands, just as this $12,900 did. They could not be more unexpected.

Plaintiff further contends that it would be a good defense to the counterclaim, that the claim is barred, because not presented to the Probate Court for allowance. Again, however, the rule applies that such question should be raised by reply to the counterclaim, and that the question cannot properly be determined on this appeal. *Sheldon* v. *Risedorph*, 23 Minn. 518. This action was begun on June 26, 1890, two months after plaintiff was appointed administrator. When this second fund ($12,900) was discovered on July 11, 1891, the administrator's account had been allowed, and final decree had been entered one month before. Therefore it was even then too late for the Probate Court to permit presentation of the claim and allow it by its order. Laws 1889, ch. 46, § 102. The only possible method, therefore, at the very first, of trying a claim to this $12,900, was by counterclaiming in this action. That was and is possible, because the commencement of this action kept the counterclaim alive, and under the statute a claim can be counterclaimed against an administrator, without being proved in the Probate Court. *Hatch* v. *Central Nat. Bank*, 78 N. Y. 487.

VANDERBURGH, J. This action is brought by plaintiff, as administrator of the estate of Lena Weinberg, deceased, to recover the sum of $25,000, as upon an account stated between the defendant and the deceased. The defendant in his answer denies making any account stated, and sets up, by way of counterclaim, the receipt and misappropriation by the deceased of large sums of money belonging to the defendant, which he claims to be entitled to recover. While the action was pending, and on the 22d day of January, 1891, the parties entered into a stipulation, in the form of an agreement under seal, for a compromise and settlement of the mutual claims of the parties involved in the action, and stipulating the nature of the judgment to be entered therein, which was accordingly duly entered Janu-

ary 24, 1891. Afterwards, on or about July 10, 1891, as defendant alleges, he discovered the fact that deceased had received, and appropriated to her own use, other moneys belonging to the defendant, amounting to a large sum, viz. $12,900, and he thereupon applied to the court for a modification of the stipulation, so that he should not be thereby concluded from setting up or establishing his claim to the last-named sum. This application was granted, and the order made therein appealed to this court, where it was held that it was error to so change or reform the instrument in behalf of one of the parties as to relieve him from its strict obligations, while the other party thereto remained bound, and that, if either were released, both should be. *Gerdtzen* v. *Cockrell*, 50 Minn. 546, (52 N. W. Rep. 930.) The order of the district court was accordingly reversed; and, after the case was remanded to the district court, (which was on August 8, 1892,) the defendant procured an order to show cause why the original stipulation should not be vacated altogether, and the judgment entered in pursuance thereof opened, and for leave to serve an amended answer, which order was duly served, and afterwards brought on for hearing, on August 22, 1892. The order was based upon affidavits showing the facts upon which the defendant's additional claim against the deceased was founded, and tending to show that the settlement and stipulation had been made in ignorance thereof by the parties thereto, and therefore under a mistake, which materially affected the basis and nature of the settlement.

1. Upon the hearing of the renewed application, the defendant was met with the objection that it was made too late, on the ground that in the mean time more than one year had passed since the entry of the judgment, and more than one year since the discovery of the facts upon which the original application to reform the stipulation was based. The court overruled this objection, and entertained and granted the motion for the reason that the reversal of the former order, on the grounds stated in the opinion in this court, left the matter open for reconsideration in the district court, and that, upon being again brought up before the court upon the order to show cause, by which the district court gave leave to make the motion, that court

should treat the matter as a continuation of the original application, and render such decision thereon as it appears it might then lawfully have made. In this we think the court did not err. The effect of the decision upon the appeal was to point out the error into which the trial court had fallen, and therefore, when the case was sent back for further proceedings, the court was at liberty to take it up and proceed in conformity with the opinion of the appellate court, and the authority to do so may be gathered from the opinion, though it omits to make an express direction or order allowing a renewal of the motion. *Jordan* v. *Humphrey*, 32 Minn. 522, (21 N. W. Rep. 713.) The appeal did not finally dispose of the matter. *Smith* v. *Adams*, 130 U. S. 177, (9 Sup. Ct. Rep. 566.)

Where in such cases the appellate court reverses an order, and gives express permission to renew the motion, the second application will be treated as a part of the original proceeding, if necessary to save the rights of the respondent in the appeal. *Butler* v. *Mitchell*, 17 Wis. 52.

The original motion, the appeal, and the renewal should, as respects the application of the statute, (1878 G. S. ch. 66, § 125,) be regarded as one proceeding; and the court will look at the substance, and will not be controlled by the mere form of the proceedings, (*Howell* v. *Harrell*, 71 N. C. 161;) that is to say, the mere omission by the appellate court to give formal leave to renew the motion is not fatal to the right, when the case is remanded for further proceedings, and the court indicates that other or different relief was proper in the case upon the facts disclosed by the record.

2. It is true that the relief now asked was not specifically prayed for in the original application; but the principal objection to the relief then sought was that it was not broad enough, in that the compromise agreement or stipulation, if modified at all, should be modified as to both parties, and, if either was relieved from its obligations, both should be. The change suggested in the form of the relief was for the benefit of the plaintiff, and in his interest. We think, upon the case made, the court might, under the general prayer for relief, have granted the relief now sought on the original motion,

except that portion of it relating to the service of the amended answer, which we will refer to again.  *Landis* v. *Olds*, 9 Minn. 90, (Gil. 79;)  *People* v. *Supervisors*, 45 N. Y. 204.

3. It is contended that the agreement referred to was a solemn contract of the parties under seal, and beyond the authority of the court to set aside summarily upon motion, but that the matter should have been determined by suit in equity, upon issues formally framed. The mere form of the instrument sought to be set aside is not, however, controlling. It was a step or proceeding in the cause, and determined the form and amount of the judgment and the final disposition of the case.

The effect of the order in question here, as finally made, was to put the parties *in statu quo*, with leave to serve the amended answer. It left the parties free to proceed to a trial upon the merits of the controversy between them, but the proceeding was not a trial of the merits upon motion. It was in principle no different from the vacation or setting aside of any order or stipulation in the action on the ground of mistake or other equitable ground. We think the court did not transcend its power or discretion in the premises. *Barry* v. *Mutual Life Ins. Co.*, 53 N. Y. 540; *Ferris* v. *Crawford*, 2 Denio, 595.

4. Leave to serve the proposed amended answer was not applied for on the original motion, but it necessarily followed as a part of the relief upon the last motion, in order to make the relief sought available. Such amendments may be made at any time, in the sound discretion of the court, while the action is pending. The one-year limitation has no application in such cases, but the application to serve an amended pleading must be disposed of under the circumstances existing when made.

5. Upon the merits of the motion to vacate the agreement, stipulation, and judgment, now under consideration, we think the case made by the defendant sufficient to support the decision and order made. The agreement was made, as the evidence shows, in ignorance of the fact that the deceased had taken and concealed from defendant the additional sums since discovered and now claimed by

him, or that he had any such claim against her estate when it was executed. It was therefore so far made under a mistake of fact. It did not contemplate the existence of any claims of that kind. We think the action of the court may be sustained upon equitable grounds.

6. It is, however, further suggested that this application should not have been granted because, since the execution of the agreement and entry of judgment, the decree for the final distribution and settlement of the estate of Lena Weinberg has been duly made and entered in the probate court. This decree was entered the next day after the discovery by the plaintiff of the sum of $12,900, in question, in bank bills, concealed in a piano stool. Three days later the defendant brought an action against the plaintiff to recover the possession of the same, claiming it as his property. By Laws 1889, ch. 46, § 113, (Probate Code,) the defendant, in an action brought against him by an administrator, may set off any claim he has against the deceased. And we think it was a proper exercise of its discretion by the district court to open the judgment upon good cause shown, and to relieve the defendant from the effect of it as an estoppel, and, secondly, to allow defendant to amend his answer as proposed, in order that he might protect his rights fully in the defense of the action; and we need not consider here what remedy would be available to him for the enforcement of an affirmative judgment against the plaintiff as administrator, in case one should be recovered; and the plaintiff could hardly be held responsible on his bond for not distributing assets to which the defendant establishes a valid claim, or which are applied, as the law permits, in satisfaction of a counterclaim in an action brought by plaintiff.

Order affirmed.

(Opinion published 55 N. W. Rep. 58.)