# B. F. LIEBERKNECHT and Another v. GREAT NORTHERN RAILWAY COMPANY.[1]

April 22, 1910.

Nos. 16,555—(118).

**Setting Aside Stipulation — Discretion of Court.**

> The motion to set aside a stipulation made between counsel that a particular action shall abide the result in the one on trial is addressed to the discretion of the trial court. No abuse of discretion appearing in this case, the order vacating the stipulation is affirmed.

Action in the district court for Polk county to recover $1,250 for damage to plaintiff's land caused by defendant's negligence in constructing ditches on its right of way. The facts are stated in the opinion. The stipulation referred to was as follows:

"The parties to this action now on trial stipulate that the evidence in this trial, upon all points except as to the extent and manner in which plaintiff's particular land has been injured or damaged by surface water, shall stand as the evidence in the other surface water cases against the defendant, in which Hans Erickson, Hans Grone, John H. Johnson, B. F. Lieberknecht and B. F. Lieberknecht and Hans Erickson, are plaintiffs, and the final judgment in this action shall be decisive of the merits of each of said actions, excepting as to the questions of the particular damage to each of said plaintiff's land, and if the final judgment in this action should be against defendant, upon the merits, then each of said plaintiffs, in all of said actions, other than the one on trial, shall be entitled to assess damages and take the verdict of the jury as to the amount of his damages by reason of the matters charged in the complaints, and if the final judgment in this action, upon the merits, should be in favor of the said defendant, then the same judgment in favor of the said defendant shall be against each of said other plaintiffs."

The case being on the calendar for trial, defendant moved for

[1] Reported in 126 N. W. 71.

judgment in its favor upon the foregoing stipulation, judgment having been entered in the Block case in favor of defendant. Plaintiff's attorney moved that the stipulation as entered be set aside on the ground he did not consent to the entry of the same nor was it consented to by plaintiffs. Plaintiff's motion was granted, Watts, J. From the order granting the motion, defendant appealed. Affirmed.

*M. L. Countryman, J. W. Mason* and *J. H. Maybury,* for appellant.

*W. E. Rowe* and *Charles Loring,* for respondents.

BROWN, J.

Several actions by different plaintiffs against the Great Northern Railway Company were pending and upon the calendar for trial at the June, 1906, general term of the Polk county district court. Each action was brought to recover damages against the railway company for injuries to the lands of plaintiffs, caused, as they alleged, by the wrongful construction of certain ditches along the railroad right of way, by reason of which large quantities of surface water were cast upon their lands. Each action involved the same alleged negligent acts. One of the actions, that of Block v. Great Northern Ry. Co., was called for trial, and, after a jury had been secured and some evidence taken, the counsel engaged in the trial, being also the attorneys of record in all the other actions, entered into a stipulation, orally dictated by counsel for defendant, and recorded in the minutes of the trial by the court reporter, the effect of which, properly construed, was that the final judgment in the case on trial should control all the other actions. So that, if final judgment should be awarded defendant in the Block case, it should be entitled to judgment in all the other actions.

A verdict was rendered for plaintiff on that trial, but on appeal to this court a new trial was granted. 101 Minn. 183, 112 N. W. 66. The action was again tried in the court below at the December, 1907, general term, resulting in a verdict for defendant. Plaintiff's motion for a new trial was denied, and the order denying it was affirmed in this court in December, 1908. 106 Minn. 285, 118

N. W. 1019. No proceedings were taken in the other actions, pending the final determination of the Block case. They all remained upon the calendar of the district court from term to term, awaiting the result of that case. They were so upon the calendar at the June, 1909, general term, which was five or six months after the decision of this court finally ending the Block case.

At that time, defendant, upon the stipulation referred to, moved the court for judgment in the other actions, and the plaintiffs in each made a counter motion that the stipulation be vacated and set aside, on the ground that, as recorded by the reporter, it went beyond the purpose and intent of counsel for plaintiffs and was unauthorized. Counsel for plaintiffs insist that the only purpose of entering into the stipulation was to avoid taking expert testimony upon each trial, and that the understanding was to the effect that such evidence might be used on the subsequent trials. After hearing the parties, and considering the affidavits in support of and in opposition to the relief sought, the court made an order setting the stipulation aside, and defendant appealed.

Stipulations of counsel made during the progress of a trial often tend to shorten litigation and lessen the labors of both parties as well as the court, and should be enforced when freely and understandingly entered into. They should not be set aside at the instance of either party, when an undue advantage would result in favor of the party seeking the relief. But in all cases of fraud or mistake, they may, in the discretion of the court, be set aside, and the discretion in the interests of justice may be liberally exercised where both parties will be placed in the position they were in before the stipulation was made; no substantial advantage or disadvantage resulting to either.

Of course, this rule does not apply where the stipulation partakes of the nature of a contract, in which case the court can exercise no discretion in the matter whatever, except perhaps to relieve from fraud clearly shown. Stipulations of the effect of that in the case at bar, namely, that the result in a particular case shall control another action involving the same questions, are often entered into, but are in no sense contracts, and in proper cases relief may be

granted in the discretion of the court. 20 Pl. & Pr. 670; Eidam v. Finnegan, 48 Minn. 53, 50 N. W. 933, 16 L.R.A. 507.

We discover no sufficient reason for characterizing the order in the case at bar as an abuse of discretion. The stipulation was not in writing, but was orally dictated to the court reporter by counsel for defendant, and, though clear in its language, there is a square conflict in the affidavits whether plaintiffs' counsel intended to go so far as expressed by its language. It was entered into in open court before the judge who subsequently set it aside, and he was in better position to determine the merits of the present controversy between counsel. No substantial prejudice results to defendant, for it is left in the same position it was in before the stipulation was entered into. The actions must go to trial on their merits. Nor was there any unreasonable delay on the part of plaintiffs in making the application.

The Block action was evidently used as a test case; all questions of law therein involved being also involved in the other actions. There was no reason, therefore, why the plaintiffs should bring the other actions to trial pending the settlement of the law of the case. They remained upon the calendar of the trial court during the journey of the Block case through the courts. That action was not finally determined until some time in January, 1909, and the application to have the stipulation set aside was made at the following June term of the district court, and concurrently with defendant's application for judgment. There was at most a delay of only about five months, and this clearly was not unreasonable.

Discovering, therefore, from the record no reason for declaring an abuse of discretion, the order appealed from must be affirmed. Barry v. Mutual, 53 N. Y. 536; Porter v. Holt, 73 Tex. 447, 11 S. W. 494; 4 Current Law, 1555.

Order affirmed.