## NATIONAL COUNCIL OF KNIGHTS AND LADIES OF SECURITY v. ANNA R. SCHEIBER AND ANOTHER. WILLIE SILLERMAN, APPELLANT.[1]

October 25, 1918.

No. 21,031.

**Equity — defect waived by answering on the merits.**
  1. The objection that an action brought in equity is not of equitable cognizance is waived where the defendant answers and submits the case upon the merits without raising that objection.

[1]Reported in 169 N. W. 272.

**Abatement and revival — action to cancel certificate after death of insured.**

2, The action having been brought against the insured to cancel a beneficiary certificate issued to her, under which different amounts were payable to each of two beneficiaries, and the insured having subsequently died, and one of the beneficiaries being beyond the jurisdiction of the court, the action was properly continued against the beneficiary within the jurisdiction.

**When stipulation of attorneys may be avoided.**

3. The attorneys may stipulate that an action shall abide the event of another action, if controlling issues in the action are involved in such other action; but such stipulation may be avoided for fraud or mistake, and the court may relieve a party therefrom if it was improvidently made and in equity and good conscience ought not to stand.

**Presumption as to stipulation — reversal on appeal only for abuse of discretion.**

4. A stipulation is presumed to be valid and binding and the refusal of the court to relieve a party therefrom will be reversed by an appellate court only for an abuse of judicial discretion. There was no abuse of discretion in this case.

Action in the district court for Ramsey county to cancel a certain beneficiary certificate issued to defendant. Plaintiff's motion for judgment in its favor upon the ground that a stipulation had been signed that the present case should be determined by the final judgment in a case between plaintiff and one Hattie Holman, was granted, Dickson, J. From the judgment entered pursuant to the order for judgment, Willie Sillerman appealed. Affirmed.

*George B. Leonard* and *M. Rose,* for appellant.
*William G. White,* for respondent.

TAYLOR, C.

Plaintiff is a fraternal beneficiary society, and in 1914 brought this action to have a beneficiary certificate, issued by it to Anna R. Scheiber, adjudged canceled and annulled. It also brought similar actions to have the beneficiary certificates issued to certain other members of the order

adjudged canceled and annulled. The several defendants interposed answers, and thereafter the cases were duly brought on for trial. Thereupon, and in March, 1915, the attorneys for the respective parties stipulated that the instant case should abide and be determined by the judgment which should thereafter be rendered in the case of this same plaintiff against Hattie Holman, and that, if judgment should be rendered for the plaintiff in that action, judgment should be rendered for the plaintiff in this action, but, if judgment should be rendered for the defendant in that action, judgment should also be rendered for the defendant in this action. The attorney for the plaintiff in this action was also the attorney for the plaintiff in that action, and the attorney for the defendant in this action was also the attorney for the defendant in that action. Similar stipulations were made in several of the other pending cases by the same attorneys. Thereafter and on July 28, 1916, Anna R. Scheiber, the defendant in this action, died. The beneficiary certificate issued to her provided, among other things, that at her death the sum of $1,500 should be paid to Nathan Rosenhaft and the sum of $500 to Willie Sillerman, both amounts, however, being subject to certain deductions provided for in the certificate. On August 10, 1916, plaintiff initiated proceedings to substitute the beneficiaries Nathan Rosenhaft and Willie Sillerman as defendants in the stead of Anna R. Scheiber, deceased, and as a result thereof Sillerman was duly brought in and made a party defendant, but Rosenhaft was not, for the reason that he was a resident of the state of California and beyond the jurisdiction of the court. See National Council of K. & L. of S. v. Scheiber, 137 Minn. 423, 163 N. W. 781. On June 7, 1917, judgment was duly rendered in the action brought by this plaintiff against Hattie Holman in favor of the plaintiff and adjudging that the beneficiary certificate issued to Hattie Holman was null and void. Thereafter plaintiff, upon proper notice to Sillerman, applied for the entry of a similar judgment in this action pursuant to the stipulation made in the lifetime of Anna R. Scheiber, and on April 26, 1918, such judgment was rendered and entered. Defendant Sillerman appealed therefrom.

Defendant contends that the stipulation was not binding upon or enforceable against Anna R. Scheiber or himself and that the court erred in rendering judgment pursuant thereto for that reason.

It is well settled that the attorneys in an action may stipulate that the action shall abide the event of another action, if controlling issues in the action are involved in such other action. G. S. 1913, § 4950; Bray v. Doheny, 39 Minn. 355, 40 N. W. 262; Eidam v. Finnegan, 48 Minn. 53, 50 N. W. 933, 16 L.R.A. 507; Lieberknecht v. Great Northern Ry. Co. 110 Minn. 457, 126 N. W. 71; Rodgers v. U. S. & D. Life Ins. Co. 127 Minn. 435, 149 N. W. 671. It is also settled that such a stipulation may be avoided for fraud or mistake, and that the court in its discretion may relieve a party from a stipulation made by his attorney if the stipulation was improvidently made and in equity and good conscience ought not to stand. Bray v. Doheny, 39 Minn. 355, 40 N. W. 262; Wells v. Penfield, 70 Minn. 66, 72 N. W. 816; Lieberknecht v. Great Northern Ry. Co. 110 Minn. 457, 126 N. W. 71; Rodgers v. U. S. & D. Life Ins. Co. 127 Minn. 435, 149 N. W. 671.

Defendant contends that the attorneys were without power to make the stipulation in controversy. In support of this contention he argues that the cause of action set forth in the complaint rests upon the breach of a condition subsequent; that a court of equity will not take cognizance of such a cause of action, but will leave the parties to their remedy at law; and, as the court ought not to have entertained the action, it was without jurisdiction and the stipulation a nullity.

It may be conceded that as a general rule a court of equity will not entertain an action to cancel a contract for breach of a condition subsequent, but there are exceptions to this rule. It is not necessary, however, to determine whether the facts bring the instant case within the rule or within the exceptions. That the court had jurisdiction of the parties, both plaintiff and defendant, is conceded, and it unquestionably had jurisdiction of the subject matter of the action. Where a court of equity entertains an action and the defendant, without objecting that the action is not of equitable cognizance, answers to the merits and submits the case for final decision, it is thereafter too late to raise the point that the action was not of equitable cognizance and that the plaintiff ought to have been relegated to his remedy at law. St. Paul & S. C. R. Co. v. Robinson, 41 Minn. 394, 43 N. W. 75; Newton v. Newton, 46 Minn. 33, 48 N. W. 450; Albrecht v. City of St. Paul, 47 Minn. 531, 50 N. W. 608; Lloyd v. Simons, 97 Minn. 315, 105 N. W. 902.

In St. Paul & S. C. R. Co. v. Robinson, supra, Justice Vanderburgh said: "The defendants having contested the case on its merits, they cannot now raise the objection that the plaintiff should be remitted to his remedy at law. It is an action of equitable cognizance, and it is competent for the court to grant the relief sought; and in such cases, where the court is willing to hear the case and the defendant consents to a trial on the merits, it is too late to raise the objection. This was the rule in chancery, and it applies, a fortiori, where the same court combines both law and equity jurisdiction."

In Lloyd v. Simons, supra, Chief Justice Start said: "An objection to a complaint in equity that the plaintiff has an adequate remedy at law must be taken by demurrer or it is waived."

In the instant case defendant Scheiber answered on the merits and stipulated for judgment on the merits without raising the objection that the action was not of equitable cognizance and thereby waived that objection and it is now too late to raise it.

Defendant asserts that "there was in truth no issue either of law or of fact that was common to this and to the Hattie Holman suit," and contends in effect that the stipulation should be disregarded on the ground that the parties were mutually mistaken in assuming that the issues in the instant case were involved in the Holman case.

It was charged in the instant case that defendant Scheiber had ceased to be a member of the order and that all rights under the beneficiary certificate issued to her had ceased and determined for two reasons: (1) That for several years she had failed to pay or tender any of the assessments which under the laws of the order she was required to pay each month; (2) that the local council of which she was a member, known as Herzel Council No. 1188, had been dissolved and its charter annulled in April, 1910, and that she never thereafter made application for membership in another local council as required by the laws of the order.

In the Holman case it was charged that Hattie Holman had ceased to be a member of the order and that all rights under the beneficiary certificate issued to her had ceased and determined for four reasons—two of these reasons were the same two reasons charged in the Scheiber case; the other two were that she had fraudulently misrepresented her age, and

that she had been expelled from the order. The issues as to whether the beneficiary certificates had ceased to be of force or effect for failure to pay assessments, and for failure of the insured to join another local council after the dissolution of Herzel Council, were common to the two cases. Defendant presents evidence by affidavit, tending to show that Anna R. Scheiber had joined another local council after the dissolution of Herzel Council, and asserts that the stipulation was made in the mistaken belief on the part of both attorneys that she had failed to do so. She must have known whether or not she had joined another council, and she permitted the stipulation to stand without questioning it in any manner during the 16 months that she lived after it was made. In respect to the facts bearing upon the nonpayment of assessments, no mistake is shown or asserted.

The courts encourage the parties to actions to make stipulations for the purpose of shortening the litigation and lessening the expense, and stipulations made by them are valid and binding unless set aside for cause. Relieving a party from a stipulation made by him or his attorney rests in the judicial discretion of the court; and, unless it appears that this discretion has been abused, the action of the court in granting or refusing an application to vacate or disregard a stipulation will not be reversed by an appellate court. See cases cited in note found in Ann. Cas. 1912C, at page 771.

If defendant had shown affirmatively that no issue warranting a judgment for plaintiff in the instant case had been decided in favor of plaintiff in the Holman case, the court probably would have been justified in exercising its discretion to relieve defendant from the stipulation, but the showing made is to the effect that the court decided the issue as to nonpayment of assessments in plaintiff's favor in the Holman case. In view of this fact and of the fact that Anna R. Scheiber, the assured, never challenged the stipulation, although she lived for 16 months after it was made, we think the court did not abuse its discretion in refusing to vacate or disregard it.

Defendant also contends that there is a defect of parties defendant. This contention is based upon the fact that this court held in this same case in a decision reported in 137 Minn. 423, 163 N. W. 781, that the order of the district court purporting to make Nathan Rosen-

haft a party to the action was ineffective, for the reason that Rosenhaft was a nonresident and beyond the jurisdiction of the court. There are several sufficient answers to the present contention. The common law rule in respect to joint parties has been abrogated in this state. G. S. 1913, § 7916; Hollister v. U. S. F. & G. Co. 84 Minn. 251, 87 N. W. 776. Even at common law, where a joint party was beyond the jurisdiction of the court, the action might proceed against those who were within the jurisdiction. Dicey, Parties *232 [2d Am. ed. 250]; Blessing v. McLinden, 81 N. J. Law, 379, 79 Atl. 347, 35 L.R.A.(N.S.) 312. Where, under a policy of insurance, different specific amounts are payable to the different beneficiaries, the interest of the beneficiaries is deemed several rather than joint. The authorities to this effect are cited in Stolorow v. National Council K. & L. of S. 132 Minn. 27, 155 N. W. 756.

We find no sufficient ground for reversing the judgment and it must be and is affirmed.