## HENRY LEVINE v. HOLDAHL-COLSTAD, INC., AND OTHERS.

88 N. W. (2d) 865.

March 7, 1958—No. 37,318.

*Harry H. Peterson,* for appellant.
*Theodore W. Thomson* and *Thomson & Williams,* for respondents.

Knutson, Justice.

This case arises out of a real estate transaction between plaintiff and defendants in which it is apparent that considerable bitterness has developed. Originally, plaintiff owned a tract of land in southeast Minneapolis 84 feet in width. He sold defendants a part thereof 58.45 feet wide. A dispute arose as to just what plaintiff did sell, which ended in an appeal here which determined the area sold. Colstad v. Levine, 243 Minn. 279, 67 N. W. (2d) 648. That case was decided by an opinion of this court dated December 10, 1954. Thereafter, on December 26, 1954, summons and complaint in the present action were served upon defendants. Plaintiff here sues to recover actual damages in the sum of $5,525 for an alleged trespass on the part of the lot which plaintiff retained and $15,000 punitive damages. The case came on for trial before the District Court of Hennepin County on December 10, 1956. After the case was called for trial, the parties met with the trial judge in a sort of pre-trial conference in an effort to settle the case. As the result of discussions which followed, the parties entered into a stipulation, which, as far as material here, reads as follows:

"That the Hon. William C. Larson, as the presiding judge, shall appoint three qualified appraisers, in his judgment, to make an appraisal of the West 58 feet; that the parties hereto shall not be informed of the names of said appraisers, and that they may and shall perform their duties as appraisers without making any contact with any of the parties to this litigation; that the said appraisers shall make an appraisal in writing to be handed to and returned to Judge William C. Larson as soon as they can conveniently do so; and that said appraisal shall be final, conclusive and binding upon the parties hereto."

The stipulation thereafter provided that on the basis of the appraisal so made plaintiff would repurchase defendants' property and specified the terms of payment.

Thereafter, pursuant to this stipulation, the court proceeded to appoint three appraisers. The appraisers fixed a value of $7,200 for the property. Thereafter plaintiff moved the court to enter judgment in accordance with the stipulation, and defendants moved the court to set aside the appraisal. The court denied plaintiff's motion and granted

that of defendants. This appeal is from the order so doing.

The appeal presents three questions for our determination: (1) Under defendants' motion to set aside the appraisal, did the court have power to set aside the entire stipulation? (2) Did the court have power to set aside the stipulation at all? (3) Assuming that the court had such power, were sufficient grounds alleged for so doing under the facts of this case?

■ The motion of defendants was to "set aside and vacate and discharge the appraisal heretofore made under the order of the Court." In support of the motion, defendants submitted an affidavit of Olaf Holdahl in which it is stated:

"* * * That your affiant makes this affidavit for the purpose of securing an order of the Court setting aside and vacating the stipulation mentioned in the plaintiff's motion for judgment on stipulation, on the ground that appraisement arrived at is unconscionable, totally inadequate, unjust, and contrary to the principles of equity."

Plaintiff contends that the court lacked jurisdiction to grant relief beyond that requested in the motion. He relies upon Duenow v. Lindeman, 223 Minn. 505, 27 N.W. (2d) 421, and Sache v. Wallace, 101 Minn. 169, 112 N.W. 386, 11 L.R.A. (N.S.) 803. Both of these cases dealt with the authority of the court to enter a default judgment for relief not prayed for in the complaint. In the Duenow case we said (223 Minn. 512, 27 N.W. [2d] 426):

"* * * a defendant should have the right to submit without contest to a judgment specifically demanded by the plaintiff in his complaint; and, where he so submits, the defendant should not be under an obligation to follow the proceedings to see to it that only such a judgment is taken against him, but should be protected in the assumption that only such a judgment can and will be granted."

Obviously, that rule does not apply here. Both parties were before the court on the motion. While the motion itself asks only for a vacation of the appraisal, it appears clearly from the accompanying affidavit that what defendants really wanted was a vacation of the stipulation. It is hard to believe that plaintiff, who himself is an attorney, and his

counsel could have been misled as to what actually was involved. Rule 54.03 of Rules of Civil Procedure reads:

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every other judgment shall grant the relief to which the party in whose favor it is rendered is entitled."

Rule 54.01 defines judgment as follows:

"Judgment as used in these rules includes a decree and means the final determination of the rights of the parties in an action or proceeding."

The order in this case must be considered as a final determination of the rights of the parties or it probably would not be appealable at all. We think that the court was justified in assuming that the motion encompassed a vacation of the stipulation, as well as the appraisal, and that the court was authorized to grant full relief on the motion.

In Gerdtzen v. Cockrell, 50 Minn. 546, 52 N.W. 930, we held that a stipulation for settlement of a case could not be set aside so as to relieve one party to the agreement from his obligation without setting it aside altogether so as to relieve both parties from the effect thereof. After our first decision in this case, it went back to the district court, and a motion was made to set aside the stipulation entirely. That was done, and on the second appeal we affirmed. Gerdtzen v. Cockrell, 52 Minn. 501, 55 N. W. 58. In that case, as in the one now before us, it was claimed that the relief granted by the trial court went further than the motion would permit. In our last opinion we said (52 Minn. 509, 55 N.W. 59):

"It is true that the relief now asked was not specifically prayed for in the original application; but the principal objection to the relief then sought was that it was not broad enough, in that the compromise agreement or stipulation, if modified at all, should be modified as to both parties, and, if either was relieved from its obligations, both should be. The change suggested in the form of the relief was for the benefit of the plaintiff, and in his interest. We think, upon the case made, the court might, under the general prayer for relief, have granted the re-

lief now sought on the original motion, * * *."

■ Plaintiff contends that a stipulation of this kind creates contract rights which the court cannot set aside except for the same reasons as a contract may be abrogated.

The basis upon which a stipulation of settlement of a lawsuit may be set aside has been considered by this court on a number of occasions.[1] In National Council v. Scheiber, 141 Minn. 41, 44, 169 N.W. 272, 273, we said:

"* * * It is * * * settled that such a stipulation may be avoided for fraud or mistake, and that the court in its discretion may relieve a party from a stipulation made by his attorney if the stipulation was improvidently made and in equity and good conscience ought not to stand."

This rule is in accord with the great weight of authority.[2]

Among the cases relied upon by plaintiff is Bingham v. Board of Supervisors, 6 Minn. 82 (136). However, even in that case we did recognize that a stipulation of this kind could be set aside in a proper case. The case is cited in the later case of Bray v. Doheny, 39 Minn. 355, 357, 40 N.W. 262, 263, in support of the following statement:

"* * * In a proper case, the court may relieve the client by vacating or setting aside an agreement of his attorney improvidently made, or made under a clear mistake, or procured by fraud or collusion, * * *."

The facts in Lieberknecht v. G. N. Ry. Co. 110 Minn. 457, 126 N.W. 71, in many respects are similar to those in the case now before us. In that case the same attorneys represented a number of plaintiffs in actions brought to recover damages for the alleged flooding of their lands by the railway company. A number of these cases were pending for trial. After one of the cases had been called for trial, counsel for plaintiff in that case agreed with defendant's counsel that the results of all cases should be governed by the outcome of the case then being tried. The trial resulted in a verdict for defendant. Thereafter defendant moved for judgment in the other cases, and, as here,

---

[1]Keller v. Wolf, 239 Minn. 397, 58 N. W. (2d) 891.

[2]For Annotation, see 161 A.L.R. 1161; see, also, 50 Am. Jur., Stipulations, § 14.

plaintiffs moved to vacate the stipulation. The court granted plaintiffs' motion, and, in affirming, we said (110 Minn. 459, 126 N.W. 71):

"Stipulations of counsel made during the progress of a trial often tend to shorten litigation and lessen the labors of both parties as well as the court, and should be enforced when freely and understandingly entered into. They should not be set aside at the instance of either party, when an undue advantage would result in favor of the party seeking the relief. But in all cases of fraud or mistake, they may, in the discretion of the court, be set aside, and the discretion in the interests of justice may be liberally exercised where both parties will be placed in the position they were in before the stipulation was made; no substantial advantage or disadvantage resulting to either."

We also said (110 Minn. 459, 126 N.W. 71):

"Of course, this rule does not apply where the stipulation partakes of the nature of a contract, in which case the court can exercise no discretion in the matter whatever, except perhaps to relieve from fraud clearly shown."

In Rodgers v. United States & Dominion Life Ins. Co. 127 Minn. 435, 438, 149 N.W. 671, 672, we said:

"* * * it is clear that a party may, in a proper case, be relieved from a stipulation made by his attorney. This has been recognized in this state from early times. Bingham v. Board of Supervisors of Winona County, 6 Minn. 82 (136). In several cases it has been said that the court may relieve a party from the stipulation of his attorney if improvidently made, or made under a clear mistake or procured by fraud or collusion; * * * or if in equity and good conscience it ought not to stand; * * *."

In Gerdtzen v. Cockrell, 52 Minn. 501, 55 N.W. 58, it was argued, as here, that the agreement was a solemn contract of the parties and beyond the authority of the court to set aside summarily upon motion. In that respect we said (52 Minn. 510, 55 N.W. 59):

"The effect of the order in question here, as finally made, was to put the parties *in statu quo,* with leave to serve the amended answer. It

left the parties free to proceed to a trial upon the merits of the controversy between them, but the proceeding was not a trial of the merits upon motion. It was in principle no different from the vacation or setting aside of any order or stipulation in the action on the ground of mistake or other equitable ground. We think the court did not transcend its power or discretion in the premises."

■ Whether a party should be relieved from a stipulation of this kind rests largely in the discretion of the trial court.[3] In National Council v. Scheiber, 141 Minn. 41, 46, 169 N.W. 272, 274, we said:

"The courts encourage the parties to actions to make stipulations for the purpose of shortening the litigation and lessening the expense, and stipulations made by them are valid and binding unless set aside for cause. Relieving a party from a stipulation made by him or his attorney rests in the judicial discretion of the court; and, unless it appears that this discretion has been abused, the action of the court in granting or refusing an application to vacate or disregard a stipulation will not be reversed by an appellate court."

We think that the stipulation here is of the type which could be set aside on proper grounds by the trial court.

■ Plaintiff then contends that, even if the court did have power to set aside this type of stipulation, the grounds alleged here were insufficient. This proposition involves a determination of whether the court abused its discretion in vacating the stipulation. The grounds alleged in the motion are:

"* * * Said motion will be made upon all the files, records and proceedings herein, and on the further ground that the appraisal of the above-mentioned property by the appraisers appointed by the Court is unconscionable, totally inadequate, totally inaccurate and unjust. That the said appraisal does not express the true value of the property and that it does not work equity between the parties hereto."

The supporting affidavit states:

---

[3]See, Albert v. Edgewater Beach Bldg. Corp. 218 Minn. 20, 25, 15 N.W. (2d) 460, 463.

"* * * That the appraisal * * * heretofore made by appraisers appointed by the above-named Court, is unconscionable, totally inadequate and totally inaccurate, and is null and void, in so far as it attempts to do equity between the parties hereto. That heretofore your affiant made an offer of $7,200.00 for the adjoining 20 feet to the property in question herein. That the plaintiff, Henry Levine, turned down said offer."

While the motion and supporting affidavits are not models of legal draftsmanship which should be followed, the statements in the affidavit are not denied by plaintiff so they must be assumed to be true. The same judge who took part in the discussions culminating in the execution of the stipulation also decided the motion setting it aside. His reasons for vacating the stipulation are best stated in the memorandum attached to his order. He said, among other things:

"Because of the inherent complications presented by the files and the likelihood of somewhat protracted litigation, extensive discussions were had which were in the nature of a pre-trial conference, and in which counsel and the Court looked forward to an amicable and satisfactory adjustment, if possible. The Court participated freely in these discussions with the acquiescence of counsel. In looking for a final solution of the problem it was suggested that either the plaintiff convey his interest to the defendants or the defendants convey their interest to the plaintiff. * * *

*     *     *     *     *

"In the discussions concerning the purchase of the property there was a rather wide price range, from $12,500.00 to $17,000.00, with the parties unable to agree upon a price, and it seems fair to say that the parties contemplated an appraisal value within this range. An examination of the files in the present case, entirely aside from any discussions which took place of which there is no record, substantiate this. The property in question was appraised, on December 18, 1956, at $7,200.00, a figure of $5,300.00 less than the defendants had previously paid to the plaintiff for the same property. * * *

"This Court feels that the appraisal was, unfortunately, wholly inadequate and inaccurate, and if enforced by judgment as prayed for by

plaintiff in his motion, the plaintiff would be unjustly and unconscionably enriched at the hands of the defendants.

"* * * Viewed in restrospect, it would seem to the Court that the property should have been appraised as a unit upon the basis of its past use and earnings as commercial property and with regard to its future potential in this respect. It would also appear that a reasonable minimum and maximum appraisal figure should have been fixed within which the parties must accept since no provision for review of the appraisal was provided for. The appraisers were somewhat restricted under the terms of the stipulation and instructions given them by the Court pursuant thereto, since there was no opportunity to learn, from the respective owners of the property, the general commercial use to which it had been devoted and to which it could be devoted as a unit."

The court thereafter states that affidavits of other real estate men submitted in support of the motion show that the property was worth from $4,500 to $17,000. An affidavit of one C. B. Christianson, who sold the property to plaintiff originally, stated that it was worth $17,000 and that it could be sold for that amount at this time. The court was of the opinion that the appraisal came as a surprise to defendants under the mistaken belief that the appraisal would fall within the price range indicated, that is, $12,500 to $17,000.

While settlements of lawsuits should be encouraged and stipulations of this kind should not be lightly set aside, particulary where, as here, they involve nothing more than an agreement to accept a third party's appraisal of value of property, we think that there is enough in this case to justify the court's exercise of its discretionary power in granting relief. While it is not stated expressly in the motion that the stipulation was improvidently entered into, the motion is based upon all the files, records, and proceedings herein, as well as upon the ground that the appraisal was insufficient, and, taken together with the court's memorandum in which it appears that there were matters in the proceeding which would justify a conclusion that the stipulation was improvidently made, we think that the facts here justify that conclusion, even though that ground was not stated specifically in the motion. The trial court, who was familiar with the entire transaction, was of the opinion that

the parties had in mind an appraisal between the $12,500 which defendants had paid plaintiff for the property and the higher figure of $17,000 which defendants claimed it was worth. Plaintiff has refused to accept $7,200 for his 25 feet of the property but now asks the court to compel defendants to accept that amount for their 58 feet. It is conceded that there is no material difference in front foot value of the two tracts. Under all the circumstances, we conclude that the trial court did not abuse its discretion in setting aside this stipulation.

Affirmed.