**In re the Marriage of Anthony P. JOHN, petitioner, Respondent,**

**v.**

**Lucille A. JOHN, Appellant.**

**No. 81–1060.**

Supreme Court of Minnesota.

July 30, 1982.

---

**2.** *See U. S. v. Miller*, 317 U.S. 369, 374, 63 S.Ct. 276, 280, 87 L.Ed. 336 (1943).

Bjorn Ulstad, St. Paul, for appellant.

Christianson, Ekholm & Travers and W. Gordon Glendenning, St. Paul, for respondent.

OTIS, Justice.

Appellant Lucille A. John, respondent in the dissolution proceedings below, appeals from an order of the district court denying her motion to vacate an oral stipulation for the division of property.

Anthony John instituted dissolution proceedings on November 27, 1979. The matter was scheduled to be heard February 2, 1981. After obtaining two continuances, appellant's attorney subsequently withdrew from representation the day before the new hearing date. Lucille then retained another attorney, but shortly before the rescheduled hearing date he was admitted to the hospital and the hearing was again postponed.

The matter was heard on June 11, 1981, and a judgment and decree of dissolution was entered September 30, 1981. At the June 11 hearing Lucille agreed to a proposal for the distribution of property and the terms of the agreement were stated to the court.

The parties stipulated that the fair market value of the homestead was $100,000, that the husband had non-marital property in the amount of $17,398 invested in the home as a downpayment, and that the home had a $19,000 mortgage outstanding. It was agreed on record that Anthony's equity in the homestead would be $58,400 and that he had a lien for that amount which was to be satisfied within 90 days. At no time was the amount which appellant was to receive announced in court.

Subsequent to the hearing appellant consulted her attorney for an explanation of the equity division in the home. She was informed that under the terms of the stipulation her share of the non-marital assets in the home would be approximately $22,900. However, because it would be necessary to sell the home to satisfy respondent's lien, and respondent would not be responsible for any of the expenses involved in the sale, appellant would actually receive considerably less than her share of the marital portion. Appellant accordingly refused to execute the written agreement of the settlement terms stipulated at the hearing. Appellant's motion to vacate the oral agreement made by the parties was denied and the court granted respondent's motion to enter judgment in conformity with the terms and conditions of the oral stipulation.

■ The use of stipulations in divorce proceedings has been approved by this court on many occasions. *Anderson v. Anderson*, 303 Minn. 26, 31, 225 N.W.2d 837, 840 (1975). However, "if the stipulation was improvidently made and in equity and good conscience ought not to stand" it may be vacated. *Levine v. Holdahl-Colstad, Inc.*, 251 Minn. 512, 516, 88 N.W.2d 865, 868 (1958). We believe that the circumstances of this case require that the stipulation be set aside.

■ Not only was there evidence that appellant was unaware she would be attending her trial, but she assented to the terms of the stipulation without being fully informed of the consequences. While the stipulation stated the amount of the husband's interest in the homestead, nowhere in the agreement was an actual figure stated representing the wife's share. The agreement stated that the wife would have 90 days to satisfy her husband's lien. Although appellant believed she was being awarded use of the homestead the consequence of the agreement was to require her to put the house up for sale. The record compels the conclusion that appellant was unprepared for the hearing and inadequately informed of the terms of the stipulation and its consequences.

Rather than subject her to further acrimonious litigation[1] we hold that the parties must share the expenses of the sale and that the husband's share of the equity, $58,000, will be reduced by one-half of the costs of the sale of the homestead.

Appellant is awarded attorney's fees in the amount of $600.

Affirmed as modified.

---

1. Ordinarily we would remand to the trial court. Appellant, however, has already had 3 attorneys and several postponements. The matter has been unusually protracted. Rather than expose her to further hearing and a possible appeal we believe that the interests of justice require a final disposition.